# Vonot *v.* Hudson Coal Co., Appellant.

*Workmen's compensation—Jurisdiction of board—Appeals from referee—Appeal on point of law or point of fact—Hearing de novo —Acts of June 2, 1915, P. L. 737, and June 26, 1919, P. L. 642.*

1. The Act of June 26, 1919, P. L. 642, shows a purpose to enlarge both the original jurisdiction and the supervisory powers of the workmen's compensation board, or, at least, extend the means provided for their exercise.

2. The Act of 1919 plainly gives the board the right, in an appeal from the award of a referee on either a point of law or of fact, to hear evidence and change the finding of the referee so as to make such finding agree with and sustain the award.

3. Where a referee in writing his award for claimant, after stating plaintiff's face was disfigured, adds these words, "as is usually incident to his employment" (the Act of May 20, 1921, P. L. 966, using the words "not usually incident to the employment") and allows compensation for disfigurement, and defendant appeals particularly on the ground that the referee had found that the injury was "usually incident to the employment," the board may adopt the testimony taken before the referee, take additional testimony as to the facial disfigurement, to show that it was not such as was usual to his employment, and upon a finding to that effect, affirm the award of the referee.

4. Under sections 418 and 419 of the Act of June 26, 1919, P. L. 642, the findings of a referee on questions of fact are final only, where the board, after itself entering on the hearing, sees that a question of fact is involved, and, in place of taking testimony for the purpose of determining such fact, prefers to put that duty on the referee; but if the findings are under a general assignment made to the referee under section 414 of the act, they are not final.

5. Sections 424 and 425 of the Act of June 26, 1919, P. L. 642, must be read in connection with the new provisions added to section 423 by the act, and when so read the former, while perhaps unnecessarily supplementary, are not inconsistent with the latter, which greatly extends the power of the board, particularly its power to find facts and change those previously found by a referee.

6. These alterations in the law must be kept in mind when reading cases under the original Workmen's Compensation Act of June 2, 1915, P. L. 736, before its amendment in 1919.

*Statutes—Construction—General provisions—Intention of legislature.*

7. The rule that a particular provision of a statute is to be excepted out of, or preferred to, a general one, will not be applied where in effect it will destroy the general provision, and defeat the equally well-established principle that every part of a statute must be given effect when possible.

8. The courts will seek to reconcile the several parts of an act so that they all may stand as mediums of usefulness, thus keeping the primary rule of construction, that, in applying a statute, the first duty of a court is to ascertain and give effect to the intention of the legislature.

*Workmen's compensation — Disfigurement to face and head — Cumulative compensation—Acts of June 2, 1915, P. L. 736, and of May 20, 1921, P. L. 966.*

9. Under the Act of May 20, 1921, P. L. 966, compensation for disfigurement of the head and face may be allowed in addition to the loss of a body member as provided by section 306 (c) of the Act of June 2, 1915, P. L. 736.

Argued January 25, 1926. Appeal, No. 12, Jan. T., 1926, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1924, No. 1261, affirming decision of Workmen's Compensation Board in case of John Vonot v. Hudson Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Decision affirmed: 26 Lackawanna Jurist 10. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it and referring to record.

*Wm. A. Skinner,* with him *John P. Kelly* and *Rudolph S. Houck,* for appellant.—There is nothing in the act,

giving the board the right to grant a hearing de novo upon an appeal on a question of law.

The only authority vested in the board to grant a hearing de novo is that contained in section 425, which relates entirely to appeals on questions of fact.

The established practice before the Workmen's Compensation Board on appeals to it, involving questions of fact, is to hold a hearing on the appeal, listen to the arguments of counsel as to the facts found by the referee and whether the evidence sustains the referee's findings, and then, if the board concludes to reverse these findings of fact, or if it deems it advisable to hear additional testimony, it will order a hearing de novo: Shickley v. Coal & Iron Co., 274 Pa. 360; Davis v. Davis, 80 Pa. Superior Ct. 343; Palmer v. Coal Co., 1 D. & C. 260; McCauley v. Woolen Co., 261 Pa.312; Clark v. Coal Co., 264 Pa. 529.

The referee having found as a fact that the disfigurement was "usually incident to the employment," from which finding of fact no appeal has been taken, the finding is final and it was error to award compensation.

When an employee is being paid compensation for disability resulting from a permanent injury under section 306 (c) of the Compensation Act, he is not also entitled to compensation for disfigurement arising out of the same accident: Simon v. Maryland Battery Service Co., 276 Pa. 473.

*Roger J. Dever,* for appellee.—The compensation board is not a court, and a proceeding under the act creating it is not "litigation" to which established rules and principles of common law practice are applicable: Garit v. Coal Mining Co., 272 Pa. 494-8; Blake v. Wilson, 268 Pa. 469; Callihan v. Montgomery, 272 Pa. 56; Clark v. Clearfield Opera House Co., 275 Pa. 244; Manley v. Motor Corp., 83 Pa. Superior Ct. 173; Lente v. Luci, 275 Pa. 217. Bausch v. Fidler, 277 Pa. 573.

Disfigurement which is the result of accident in the course of employment is compensable and cannot be said to be usually incident to the employment: Metcusky v. P. & R. C. & I. Co., 10 Dep. R. 1377; Sustar v. Coal Co., 11 Dep. R. 35, S. C., on appeal, 285 Pa. 395; Simon v. Maryland Battery Co., 276 Pa. 473.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 8, 1926:

John Vonot, an employee of defendant coal company, was injured in its mines on October 20, 1921, by an explosion of powder; an agreement was executed between him and his employer which provided that compensation for the loss of an eye should be paid, to run 125 weeks; on March 8, 1923, Vonot petitioned for a modification of this agreement, alleging the loss of the use of both eyes and disfigurement of the face. The petition was sent directly to a referee, who found that claimant's face was disfigured, but that he had not lost the use of his other eye. The agreement was accordingly modified to provide that compensation should be paid during an additional 150 weeks for the facial disfigurement. Defendant appealed to the board from this award, and the appeal being decided against it, another appeal was taken to the court of common pleas; that tribunal sustained the decision of the board and this appeal followed.

The Act of May 20, 1921, P. L. 966, amending the original Workmen's Compensation Act, provides that compensation shall be paid for disfigurement of the face, of a character "not usually incident to the employment." It appears that the referee, in writing his award, after stating that plaintiff's face was disfigured, added these words, "as is usually incident to his employment"; and then said that, "in view of the foregoing findings of fact," he made the award both for the loss of the right eye and "for the permanent disfigurement" to claimant's face. Defendant's appeal to the compensation board from

this award was based "on the ground that, upon the facts found by the said referee, his award is not in accordance with the provisions of the Workmen's Compensation Act," and it calls attention particularly to the above-stated finding as to the claimant's facial injury being such as is "usually incident" to his employment, contending that such an injury "is not compensable."

When defendant's appeal came before the board, the commissioner who wrote the opinion for that body stated, inter alia, it was not satisfied with the finding of the referee as to plaintiff's disfigurement, and a "hearing de novo" was ordered. Subsequently, when the matter again came up, defendant objected to the proceeding of the hearing on the ground that, since the appeal "alleged an error of law merely," it "did not vest in the board any authority to pass upon the facts"; further, that, "the appeal not having been filed under section 425, the board is without authority to grant a hearing de novo and the findings of fact of the referee are therefore final as provided for in section 418." These objections were overruled; and, it being "agreed that the testimony taken before the referee shall be adopted by the board as though taken before it," the hearing was proceeded with. The board took additional testimony as to the claimant's facial disfigurement, also to show that it was *not* such as is usual to his employment, and this latter fact the board formally found, thus changing the referee's finding on the same point, after which it made the award here complained of.

In McCauley v. Imperial Woolen Co., 261 Pa. 312, certain procedural provisions of the Workmen's Compensation Act of 1915, P. L. 736, were construed; since then, however, the statute in question has been amended by the Act of June 26, 1919, P. L. 642, which latter enactment shows a purpose to enlarge both the original jurisdiction and the supervisory powers of the compensation board, or, at least, to extend the means provided for their exercise, as may be seen by a comparison of the

provisions of the new act with those of the earlier one. Among other changes, a new clause is added to what was section 419 of article IV of the old statute and is now section 423 of the new statute. The original section read: "Any party in interest may, within ten days after notice of a referee's award or disallowance of compensation shall have been served on him, take an appeal to the board on the ground: (1) That the award or disallowance of compensation is not in conformity with the terms of this act, or that the referee committed any other error of law; or (2) that the findings of fact and award or disallowance of compensation was unwarranted by the evidence; or because of fraud, coercion, or other improper conduct by any party in interest." The new section, after providing that the board may extend the time for taking an appeal or for filing pleadings, adds these materially important words to the above-quoted provisions concerning appeals: "In any such appeal [meaning either an appeal from findings of fact or from conclusions of law] the board *may disregard* the findings of fact of the referee, and *may* examine the testimony taken before such referee, and if it deem proper *may* hear other evidence, and *may* substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may, in the judgment of the board, require, and *may* make such disallowance or award of compensation or other order as the facts so found by it may require."

The provision last above quoted plainly gives the board the right, in an appeal, on either a point of law or of fact, to do just what it did in the present case; and the circumstance that the board referred to the procedure which it followed as a "hearing de novo" cannot alter or diminish its rights in the premises.

Though the Act of 1919 still contains certain of the provisions of the Act of 1915 construed in the McCauley case, particularly sections 420 and 421 of the old act, now

sections 424 and 425 of the present statute, which, in the latter, read as follows, (section 424) "Whenever an appeal shall be based upon an alleged error of law, *it shall be the duty* of the board to grant a hearing thereon......[and,] as soon as may be after any such hearing, the board shall either sustain or reverse the referee's award or disallowance of compensation, or make such modification thereof as it shall deem proper," (section 425) "Whenever an appeal shall be taken on the ground that the referee's award or disallowance of compensation was unwarranted by the evidence, or because of fraud, coercion, or other improper conduct by any party in interest, the board may, in its discretion, grant a hearing de novo before the board or assign the petition for rehearing to any referee designated by it or sustain the referee's award or disallowance of compensation ......[and] as soon as may be after any hearing de novo by the board, it shall in writing state its findings of fact, and award or disallow compensation in accordance with the provisions of this act," yet the construction of these provisions is necessarily affected by the new provision added to section 423 by the Act of 1919, above quoted. This new provision being added to the Compensation Law, sections 424 and 425 must be read in connection therewith, and when so read, the latter, while perhaps unnecessarily supplementary, are not inconsistent with the former. On the contrary, while the new part of section 423 provides what the board "may" do on any appeal to it, by way of changing the findings of fact made by a referee, whether the appeal be based on an alleged error of law or otherwise, section 424 provides certain things which "it shall be its duty" to do when an appeal is based alone upon an alleged error of law. This section of the act, when construed with the prior section, means that if, because the points before the board turn on pure matters of law, the procedure authorized by the new provision is not followed, that body must "either sustain or reverse the referee's

award......or make such modification thereof as it shall deem proper," and perhaps under section 424 the board cannot go beyond such relief; but, if the procedure authorized in the revised section 423 is followed, then the powers of the board are greatly extended, and it may reverse the referee's findings of fact should it deem that course proper. Again, section 425, when read in connection with the new part of section 423, now means that, when an appeal based on the grounds of fact stated in section 425 is filed (these grounds being substantially in the same words used by section 423 in describing appeals as to findings of fact), if the board does not follow the procedure authorized in section 423 and substitute its own findings for those of the referee, it may, "in its discretion," either "grant a hearing de novo before the board or assign the petition for rehearing to any referee designated by it, or sustain the referee's award or disallowance of compensation." It may be that, when the legislature inserted the new, comprehensive provision at the end of section 423 of the Act of 1919, as to the powers of the board on appeals generally, it could have omitted these older sections (reenacted as 424 and 425) providing for appeals in particular, but its failure so to do did not render the legislation in any sense unintelligible, much less unworkable, nor did it diminish the powers granted to the board by section 423.

In the above discussion of sections 423, 424 and 425, we have not lost sight of the principle of statutory construction, that a particular provision is to be excepted out of, or preferred to, a general one; but to apply this rule to the present act would in effect destroy the general provision, and defeat the equally well-established principle that every part of a statute must be given effect when possible. Hence, we must seek to reconcile the several parts of this act so that they all may stand as mediums of usefulness, thus heeding the "primary" rule of construction, which is that, in applying a stat-

ute, the first duty of a court is to "ascertain and give effect to the intention of the legislature" (25 R. C. L. 960, section 216) ; and this, considering the history of the development of the present legislation, it is not difficult to do. On the whole, we agree with the court below that the new, general provision in section 423 authorized the action of the board here complained of, changing the referee's findings of fact; and, as before stated, the circumstance that the board used the words "hearing de novo," instead of expressly stating of record that it proceeded under this general provision, does not alter the fact that it was exercising the powers there conferred.

In opposing the position just stated, appellant calls attention to sections 418 and 419 of article IV of the Act of 1919, and contends that, thereunder, the findings of the referee were final and unalterable upon an appeal to the board based solely on an alleged mistake of law, such as filed in the present case. This requires an examination of the sections in question.

Section 418 provides for original hearings by the board, without an assignment to a referee, and also for instances where the board, instead of itself holding a hearing, immediately sends the case to a referee for that purpose; but the provision that the referee's findings of fact shall be final is not a general one,—it is expressly confined to cases covered by the next section (419) of the act, which has to do with instances where the board, after itself entering on the hearing of a petition, finds a question of fact involved, and, in place of taking testimony for the purpose of determining such fact, prefers to put that duty on a referee, either to act simply as an examiner and report the evidence, or actually to find the facts involved, "as the board may order." Only in such instances are the findings of the referee on questions of fact made final, and this is not such an instance, for here the finding in controversy was not made by a referee acting under an express assignment to him to

make a special examination or especially to find facts for the board, as is provided for in section 419, but by the referee acting under a general assignment, made to him as provided by section 414, which contains no provision that his findings shall be final.

The above provision as to the findings of the referee being "final," from section 418 of the Act of 1919, is the only one we see on that subject in the amended legislation; whereas, before its amendment, the Act of 1915 provided, by section 409, that "referee's findings of fact shall be final [in all cases] unless the board shall allow an appeal therefrom." Again, as previously shown, the original act contained no general provision, concerning appeals and the power of the board in disposing thereof to "disregard the findings of fact of the referee," such as is contained in the revised Act of 1919. These two changes in the law must be kept in mind when reading our cases under the Act of 1915, before its amendment by the Act of 1919.

The provision in section 409 of the original act as to the finality of the findings of fact by the referee, which is eliminated by the Act of 1919, figured largely in our opinion in the McCauley Case, supra, as may be seen by references thereto on pages 319 and 329 of the report. From now on, in reading that case, and others which follow it, this elimination, and also the other changes to which we have called attention, must be remembered, and the effect of these changes on the procedural parts of the compensation law appreciated. As has been said in an earlier part of the instant opinion, the legislature evidently intended by the Act of 1919 to simplify appeals to the compensation board and greatly to enlarge the latter body's jurisdiction, both original and supervisory, or the means of its exercise, and these intentions also must be given effect.

We conclude that the board was entirely within its powers, as defined by the revised act, when it changed the finding of the referee in this case so as to make that

finding agree with and sustain the award; and, incidentally, we may say that, after reviewing this record, we agree with the board that this finding, that the disfigurement to claimant's face was such as "is usually incident to" his employment, was probably a clerical error on the part of the referee, the real intention being to state that such disfigurement was *not* such as is usually incident to the employment in question.

The second question involved concerns the construction of section 306 (c) of the act, as amended by the Act of May 20, 1921; P. L. 966, which provides compensation for disfigurement. The point presented is, "Whether such compensation can be cumulated with compensation payable under the same section for other disability resulting from permanent injuries sustained in the same accident." As to this, we need say only that the point is determined by us against appellant's contention that such cumulation cannot legally be allowed, in a per curiam opinion to-day filed in the case of Sustar v. Penn Smokeless Coal Co. [the next case].

The assignments of error are overruled and the judgment of the court below approving the award of the compensation board is affirmed.