## Focht, Appellant, *v.* General Baking Company et al.

Argued October 2, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Alexander F. Barbieri,* for appellant.

*J. Paul Erwin,* with him *James J. Leyden,* for appellee.

OPINION BY KELLER, P. J., November 15, 1939:

The claimant appealed to the court of common pleas from an order of the Workmen's Compensation Board setting aside an award of compensation made by the referee and dismissing his petition. The court affirmed the order of the board and entered judgment for the defendants. The claimant has appealed to this Court.

Claimant was employed by the defendant, General Baking Company, for some years as a blacksmith. On August 21, 1933, he was struck by a truck and was paid compensation under an agreement with his employer, duly approved by the compensation authorities. He signed a final receipt on September 15, 1933. On October 18, 1934 he cut his hand on a circular saw and received compensation under an agreement with his employer. He signed a final receipt for compensation for this injury on February 4, 1935.

On April 2, 1936 claimant collapsed while he was at work bending steel tires, and was taken, by his foreman, in an unconscious condition to a hospital. He had, on previous occasions, suffered from fainting or dizzy spells, and the board found as a fact that there was "nothing in the way in which this collapse occurred to place the foreman upon notice that claimant had met with an accident due to a severe strain. On the contrary, the obvious and perhaps superficial explanation of claimant's collapse would be illness rather than accident." At the hearing before the referee claimant testified that while bending the steel tires, which was heavy work, he felt a pain as though somebody had struck him at the bottom of the spine with a hammer, he felt dizzy, weak in the legs and collapsed into unconsciousness. However, the diagnosis at the hospital was "anterior spinal artery thrombosis." This the doctor attributed to arteriosclerosis. The doctor noted after this diagnosis, in parenthesis, "possibly trauma",

but, on this point, the board said: "There is nothing in the record to indicate that this notation was promptly brought to the attention of the defendant, nor are we in a position to say that if it had been brought to the defendant's attention, this constituted notice of an accident sufficient to meet the provisions of section 311 requiring notice or knowledge within ninety days."

Claimant was in the hospital for five weeks, suffering from partial paralysis and loss of the sensory function from the eleventh dorsal vertebra down. He is totally disabled and the referee found as a fact, based on competent medical testimony, that the strain of performing his work was responsible for the precipitation of the thrombosis.

The case got before the board in the following manner: On March 23, 1937, claimant filed a petition setting forth that under a compensation agreement he had received compensation from his employer from August 1934 until terminated by a final receipt in November 1934; and praying the board to set aside the final receipt for the following reason: "Since April 2d, 1936, claimant has been suffering from a condition which is the result of accident sustained August, 1934. Claimant therefore desires to have the final receipt set aside and compensation agreement reopened."

The petition was clearly erroneous as there had been no compensation agreement under which he had been paid compensation from August, 1934 and no final receipt of November, 1934. At the hearing on June 30, 1937 it developed that claimant referred to the accident of August 31, 1933, and to the compensation agreement which was terminated by the final receipt of September 15, 1933. As the petition of March 23, 1937 was filed more than a year after the last payment of compensation for that injury and no fraud or misconduct was alleged or shown in procuring the signing of the final receipt of compensation for that injury, no legal ground

existed for setting aside the final receipt and reopening the compensation agreement (Sec. 413 of the Workmen's Compensation Act as amended by Act of April 13, 1927, P. L. 186). But the referee stated in his report that at the hearing the attorney for the claimant moved that the petition to set aside the final receipt be treated as a claim petition for a new accident—though the record of the hearing sent up to this court fails to substantiate the statement; and the referee treated the case as though it were an original claim petition.

The board correctly ruled that there was nothing in the petition of March 23, 1937 to bring to the employer notice of a claim for compensation for a new accident alleged to have occurred on April 2, 1936; and while it might possibly be treated as a claim for compensation for a new injury, which occurred on April 2, 1936, made as of the date of the hearing, on June 30, 1937—when, after the testimony of the doctor, the attorney for the claimant so moved—it can be given such effect only from that date, to wit, June 30, 1937, for until that time there had been no suggestion in the claimant's petition for anything but a desire to set aside a final receipt given for an old injury and to reopen the compensation agreement for that old injury. Treating it as of the date of the motion, claim was made too late to be effective, for it was not presented as such a claim within a year after the accident (Sec. 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, in force at the date of the alleged accident).

But, in addition, the board correctly ruled that considered as a new injury occurring on April 2, 1936, there was no evidence in the case tending to show that any notice of the alleged injury was given the employer within ninety days after its occurrence or that the employer had knowledge of the injury within that period, as required by section 311 of the Workmen's Compen-

sation Act, supra, as amended by Act of April 13, 1927, P. L. 186, p. 193.

We have had occasion in two recent cases (*Dorsch v. Fisher Scientific Co.*, 136 Pa. Superior Ct. 197, 7 A. 2d 604, and *Beck v. Franklin Glass Co.*, 136 Pa. Superior Ct. 204, 7 A. 2d 600) to consider that section of the Act and have ruled that its provisions as to notice are mandatory.

But the claimant, citing our ruling in *Nesbit v. Vandervort & Curry*, 128 Pa. Superior Ct. 58, 64, contends that as this point was not raised by the defendants in their appeal to the board, the latter should not have considered it. The learned court below correctly points out that our ruling in the case just above cited, that "objection cannot afterwards be taken, on appeal from the board to the common pleas, to *findings of fact* of the referee not questioned on appeal to the board," does not apply to appeals from the referee to the board, for "The board is the final fact finding body in workmen's compensation cases", and it "has the power to review, revise, modify or set aside the findings of fact of the referee or substitute other findings of its own, upon the evidence in the record or after a rehearing": *Nesbit v. Vandervort & Curry*, supra, p. 64. See also *Vonot v. Hudson Coal Co.*, 285 Pa. 385, 390, 132 A. 347. Furthermore, our ruling in the *Nesbit v. Vandervort & Curry* case related to findings of fact, and the referee made no finding that the foreman had knowledge of any accidental injury, but only of the claimant's collapse, which the board found was not of a character to put the foreman upon notice of an *accidental* injury to the claimant, rather than illness.

The case is heard de novo before the board, for the purpose of finding the facts as well as applying the law to the facts so found, while in the common pleas the court is restricted to a determination of whether there is substantial evidence to support the board's findings

of fact and whether the facts so found sustain the board's conclusions of law and the order.

Besides, the question would not naturally arise on the petition and answer, because apart from the motion of claimant's counsel referred to in the referee's discussion, but not reduced to writing, there was no averment of any kind indicating that claimant had suffered a new injury on April 2, 1936. In their appeal, defendants did set forth the following specifications of error, to wit: "No claim petition was filed and no agreement for compensation was made within one year after the alleged accident. The award violates Section 315 of the Workmen's Compensation Act. The claim is barred by the Statute of Limitations. There is no competent evidence to support the referee's 6th and 8th findings of fact or his conclusions of law. At the hearing the referee denied claimant's motion to amend his petition. The referee was without authority to grant the motion to amend claimant's petition as the award states he did." In the unsatisfactory condition of this record it is not surprising that every objection that might be taken to the award of the referee was not specified, but, as before said, the case came before the board de novo, and mandatory provisions of the statute were properly applied by the board.

We do not deem it necessary to refer further to the discussions contained in the helpful opinions of Chairman Ullman, of the Workmen's Compensation Board, and Judge BROWN, of the court below. We are in general accord with the views therein expressed by them.

The assignments of error are overruled and the judgment is affirmed.