Opinion by
 

 Kenworthey, J.,
 

 In this workmen’s compensation case appellant raises
 
 *39
 
 two procedural questions and contends there was no evidence to support the award.
 

 Referee Paul F. Jones conducted the first hearing and concluded that appellee was not disabled and dismissed the petition. On petition, the board remanded “for further hearing and determination.” Additional testimony was taken before Referee William J. Curtis, following which he filed a report including findings of fact among which was a specific finding that appellee “sustained a fracture of the second and third transverse lumbar processes on the left side”, and concluded that claimant was entitled to a reinstatement of compensation.
 

 On appeal, the board and the court of common pleas affirmed; and this appeal followed.
 

 First,
 
 Appellant challenges the findings of Referee Curtis on the ground that he did not specifically state he had read all the evidence taken at the earlier hearing before Referee Jones. But when a case goes from the compensation authorities to the court of common pleas, the appeal is from the findings and conclusions of the board, not the referee. The function of the referee is similar to that of the master in an equity proceeding or the trial examiner for an administrative body. He is the agent of the board and his findings and conclusions, if appealed from, may be rejected, changed or adopted by the Board.
 
 Focht v. Gen. Baking Co.,
 
 137 Pa. Superior Ct. 318, 323, 9 A. (2nd) 185. And, in the opinion which it filed, the board stated, “We have carefully reviewed the record in this case”, by which we understand was meant
 
 all
 
 the record. In addition, the objection was not specifically raised on the appeal from the referee to the board. See
 
 Nesbit v. Vandervort & Curry,
 
 128 Pa. Superior Ct. 58, 64, 193 A. 393. If it had been raised and the board thought it necessary, it could have easily remedied the situation by requiring the referee to file a supplemental finding.
 

 Although we thus dispose of the point, to avoid mis
 
 *40
 
 understanding, we hasten to add that in our opinion a statement by either a referee or the board that it has read all the testimony is not necessary. Like judges of courts of law, they are presumed to perform the innumerable duties of their office without a needlessly repetitious statement to that effect in every opinion filed. When a court of law, for example, acts upon a motion for judgment n. o. v., its action would not be reviewable on the ground that it failed to state it had resolved all the evidence and inferences in favor of the party who got the verdict. Similarly, its action would not be reviewable on the ground it failed to state that in reaching its opinion it was free from bias or prejudice; that it had no interest in the case which would disqualify it in rendering impartial judgment; that it had read the record and the briefs of counsel; that it had listened carefully to the oral argument. These and similar matters, implicit in the judicial function conscientiously performed, are presumed.
 
 [1]
 

 Second.
 
 In its opinion the board said: “We have carefully reviewed the record in this case and find the legally competent evidence sufficient to sustain the reinstatement of the compensation. The evidence raised an issue of fact which was properly disposed of by the referee.” Appellant argues this indicates the board, instead of making its own findings, was performing the function of a court and was merely determining whether there was sufficient evidence to support the findings of the referee. We cannot agree. The board did not .say it found the evidence sufficient to sustain the
 
 findings of fact,
 
 but that it was sufficient to sustain the
 
 reinstatement of compensation,
 
 which, to our minds, is simply another way of saying it was of the opinion the referee reached the right conclusion.
 

 Third.
 
 Finally, there was ample evidence to support
 
 *41
 
 the findings. Appellee called several witnesses at the first and another at the second hearing, who testified that in their opinion he was totally disabled. These physicians were not entirely in agreement as to the exact nature of the injury causing the disability, and appellant called several physicians who testified there was no disability. But the credibility of these witnesses and the weight of their testimony was for the compensation authorities.
 

 Judgment affirmed.
 

 [1]
 

 Compare
 
 Icenhour v. Freedom Oil Works Co.,
 
 136 Pa. Superior Ct. 318, 7 A. (2d) 152,