## Abbadini, Appellant, *v.* Vesta Coal Company.

Argued April 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*A. L. McLaughlin, Jr.,* for appellant.

*William A. Challener, Jr.,* with him *Frank McC. Painter* and *William A. Challener,* for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

Joseph Abbadini, the claimant in this compensation case, sustained an injury to his chest on February 10, 1937, while in the employ of the defendant. A petition was filed for compensation. The referee who heard that case found that Abbadini had a valvular heart leak. The claimant on July 8, 1937, while engaged in lifting and shoveling slate felt a pain in his left chest and had to stop work. He was paid compensation and returned to work on October 24, 1937. He was injured again on July 5, 1938. He testified that while carrying a railroad tie he slipped and fell on an iron rail, injuring his left knee, side, and chest. The defense set up is that the evidence shows the claimant did not sustain a compensable accident; that his fall was due to a defective heart as found by a referee in a former proceeding, and whatever injuries were sustained are attributable to that cause.

Miss Anna Bagdon, a nurse employed by the defendant to whom the claimant reported after falling, testified that he came to the emergency hospital and said that "while carrying tie, had pain in his heart which caused him to become dizzy and foot slipped causing tie to strike leg." That was the only history given to

her and she neither found evidence, nor knew, of any other injury than to the leg.

Dr. H. C. Bliss, called by the defendant, testified that he examined the claimant on or about July 5, 1938, and saw that he had an injury to his knee and a complaint was made of a pain in the chest. In answer to a question whether the accident sustained July 5 played any part in disabling the claimant, the doctor stated: "I think it had no further action on his heart condition. At the time he did have an increased pain in the chest but the heart condition was about the same as it was previously." This witness stated further that from an examination he made of the claimant in 1937, he learned that he had a valvular heart condition; that at the date of the hearing the claimant's heart was about the same as it had been previously.

Dr. Paul H. Franklin, called by the claimant, testified in his opinion the claimant is totally disabled from engaging in heavy work due to a mitral lesion which probably existed before the accident; that he has an enlarged heart and his present condition is due to an aggravation of that ailment as the result of an accident on July 5, 1938.

Dr. A. P. D'Zmura, a witness for the defendant, testified that he examined the claimant during August 1938, and on May 5, 1939. He replied, in answer to the question as to the effect, if any, the injury on July 5, 1938, had on claimant's pre-existing heart condition, as follows: "It would be very difficult to determine, but apparently the dropping of the tie was occasioned by his chest pain, so that was an antedating condition rather than the reverse. An injury to the knee would not cause additional damage to the heart ...... If anything I believe the heart condition was indirectly the cause of the injury to the knee, because it made him drop the tie or whatever it was he was holding."

The referee found in his 9th finding of fact that the claimant's pre-existing heart condition had subsided

and that he was able to work up until July 5, 1938, when he sustained another injury which aggravated the heart condition, totally disabling him thereafter up to the time of the hearing.

The board upon an appeal vacated the referee's 9th finding of fact and in lieu thereof found that the claimant, although suffering from a pre-existing heart condition at the time of the alleged, accident, suffered a disability on July 5, 1938, due to other causes than the accident occurring on that date and concluded as a matter of law that he was not entitled to compensation and set aside the award made by the referee. Exceptions to the order of the board were dismissed by the learned court below.

The reference made to the evidence shows that there was substantial competent testimony to support the board's finding that the claimant did not sustain an accidental injury on July 5, 1938, other than to the knee which was healed very shortly thereafter and did not result in a disability. We have frequently held that the duty does not devolve upon us in compensation cases to find facts; we are confined to passing upon questions of law, which include whether or not there is evidence to support the findings of fact: *Micale v. Light and State Workmen's Insurance Fund,* 105 Pa. Superior Ct. 399, 401, 161 A. 600.

The board has the express power and authority to entirely disregard and vacate the referee's findings and substitute its own as the referees are only the representatives of the board, which is the final arbitrator of the facts. When the board acts and its findings are based on substantial competent evidence the lower court and this court, even if so inclined, are concluded from holding otherwise: *Hoosca v. Lytle Coal Company,* 129 Pa. Superior Ct. 434, 436, 196 A. 892; *Cox v. Woodlands Cemetery Company,* 133 Pa. Superior Ct. 313, 316, 2 A. 2d 565; *Flood v. Logan Iron & Steel*

*Company et al.,* 136 Pa. Superior Ct. 101, 110, 5 A. 2d 621; *Baumeister v. Baugh & Sons Company et al.,* 142 Pa. Superior Ct. 346, 16 A. 2d 424; *Tomshuck v. Wallin Concrete Corporation et al.,* 146 Pa. Superior Ct. 390, 23 A. 2d 74.

The evidence in support of the finding that the disability suffered by the claimant on July 5, 1938, was due to causes other than an accident on that date having met the legal requirements, the disposition of this claim by the board is conclusive.

Judgment is affirmed.