## Bronkowski, Appellant, *v.* Colonial Colliery Company.

Argued October 25, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*H. F. Bonno,* for appellant.

*G. Harold Watkins,* of *Hicks & Watkins,* for appellee.

OPINION BY BALDRIGE, J., December 9, 1943:

In this workmen's compensation case the claimant, Joseph Bronkowski, in the course of his employment with defendant on September 13, 1937, suffered a laceration of the ring finger on the right hand and a chip fracture of the end of the distal phalanx. An agreement was entered into on October 15, 1937, wherein claimant was paid compensation for total disability. On October 4, 1937, he returned to work and sometime between that date and October 18, 1937, signed a final receipt. He worked until January 21, 1938. The next day he suffered a stroke of paralysis affecting his entire right side and causing the loss of speech. On September 11, 1939, he filed a petition alleging the receipt was signed under a mistake of fact and asked that it be set aside. The referee, after a hearing, granted petitioner's prayer and awarded compensation for total disability. Exceptions filed to the referee's findings of fact and conclusions of law were sustained by the board, which held that the proof was insufficient to establish by clear and specific evidence a causal relationship between the accident and the alleged disability. The court below on appeal sustained the board's action. Claimant appealed to this court.

The appellant's chief contention appears in his state-

ment of the first question involved, reading as follows: "Where a Referee finds facts which are sufficient to set aside a final receipt and the Board affirmed by the court below overrules the Referee on the ground that the testimony submitted by the Claimant was not sufficient to set aside a final receipt, is such an order and judgment reviewable?" In his argument he states that the referee's findings of fact are "comparable to the verdict of a jury," and that the function of the board is "to review on appeal the evidence for the purpose of determining whether or not the findings of fact are based upon competent testimony." The appellant evidently misconceives the extent of the board's authority. It seems necessary to repeat what we have frequently, and but recently, said that referees are only representatives of the board, which is the ultimate fact finding body: *Smith v. William Hodges & Co. et al.*, 151 Pa. Superior Ct. 14, 17, 28 A. 2d 719.

Under section 423 of the Workmen's Compensation Act of 1915, P. L. 736, the board could not reverse the findings of fact by the referee without granting a hearing de novo, which was not done in this case. That section, however, has been amended, first by the Act of 1919, June 26, P. L. 642, §6, and finally by the Act of 1937, June 4, P. L. 1552, §1, 77 PS §854. The law now is that the board, when an appeal has been taken to it, may disregard the findings of fact of the referee and may make or substitute its own findings, without taking additional testimony: *Sames v. Boro. of Perkasie et al.*, 100 Pa. Superior Ct. 402, 410; *Flood v. Logan Iron & Steel Company et al.*, 136 Pa. Superior Ct. 101, 110, 5 A. 2d 621; *Focht v. General Baking Company et al.*, 137 Pa. Superior Ct. 318, 323, 9 A. 2d 185. It is not necessary to add anything further to refute the statement that a referee's findings are "comparable to the verdict of the jury."

In the instant case Dr. Spencer testified that the

claimant was suffering from traumatic encephalitis, the result of embolism. His opinion was based upon the history of an infected finger. His diagnosis and opinion were in conflict with the opinions of three medical witnesses called by the defendant, who testified that there was no relation between the injured finger and the claimant's disability. Dr. Buczko, who treated the claimant from the date of his injury until October 4, 1937, said there was no infection in the injured finger and that it had fully healed.

The Supreme Court has held that the evidence to overthrow a final receipt ". . . . . . must be of a more definite and specific nature than that upon which initial compensation is based; the causation between the alleged disability and the accident must be established by more than simply the testimony of the employee and medical testimony based solely upon the employee's own history of the case." *Eberst v. Sears Roebuck & Company,* 334 Pa. 505, 510, 511, 6 A. 2d 577. See, also, *Shuler v. Midvalley Coal Co.,* 296 Pa. 503, 146 A. 146; and *Roberts v. John Wanamaker Phila. et al.,* 151 Pa. Superior Ct. 297, 303, 30 A. 2d 189.

The appellant relies principally upon *Hamer v. West Virginia Pulp & Paper Co.,* 144 Pa. Superior Ct. 144, 150, 18 A. 2d 452. That case differs from the present one in several important respects. There the board *set aside* the final receipt upon sufficient evidence, sustaining the referee's finding that there was a mistake of fact and made an award to claimant. In this case the board found there was no mistake of fact and refused to set aside the receipt. We said in the *Hamer* case, p. 151: ". . . . . . there was no question as to the nature or extent of the original injury nor the condition of claimant's heart and the resulting disability. There was no controversy except as to the inferences to be drawn from facts not in dispute." Here the facts were in dispute. The credibility of the witnesses and the

weight to be attached to their testimony were for the board's consideration and its findings of fact, which were based upon competent and substantial evidence, are conclusive: *Carberry v. Reitz Furniture Co. et al.,* 152 Pa. Superior Ct. 417, 423, 33 A. 2d 289.

The judgment is affirmed.