Kenny *v.* Esslinger's Brewery et al., Appellants.

Argued October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Louis Wagner,* with him *Richard A. Smith,* for appellants.

*Irving R. Shull,* with him *Bernard L. Lemisch,* for appellee.

OPINION BY RHODES, P. J., November 12, 1947:

This is an appeal by defendant-employer and its insurance carrier from an award in a workmen's compensation case; they question the right of the Workmen's Compensation Board to change a finding of the referee where, on appeal by them from the referee to the board, no exception to the referee's finding was taken by either party.

Claimant was employed by defendant as a truck maintenance man in its garage. By agreement between the union and defendant, employees were permitted to drink beer in the stein house on the premises for ten minutes after every two-hour work period. Claimant began work at 4 p.m. While in the stein house about 11 p.m., he "kidded" a Mr. Burgoon about the number of employees Burgoon had working in the stein house. In about five minutes claimant returned to the garage where he was struck by Burgoon who had come into the garage. Burgoon then immediately walked out of the garage. Claimant testified: "A. Well, I still had some tools in my hand, so he hit me, and, in me going towards the bench with the tools, I slipped and fell on the floor." Claimant said he slipped because "the floor isn't level there and there's grease there too."

Testifying for defendant, Burgoon stated that claimant was intoxicated that evening and Burgoon struck claimant only in self-defense, after claimant had attacked Burgoon.

Claimant filed two petitions, the original stating "The accident occurred while I was coming into the garage one of the employees attacked me," and the amended petition reading "The accident occurred while in the defendant's garage as claimant was putting tools away."

On the evidence the referee, in his fourth finding, found: "4. That on the aforesaid day while the claimant was engaged in the course of his employment with the defendant, he became involved in an altercation with a fellow employee as a result of which the claimant fractured his left ankle." Defendant and its carrier appealed to the board, alleging that the referee erred in failing to find that claimant's injury was caused by violence directed against him for personal reasons and not because of his employment; and they also alleged the following errors of law on the part of the referee: "1. The referee's findings of fact do not support the finding and conclusion that the claimant was injured by an accident in the course of his employment. 2. The claimant's injury was the result of an altercation which the claimant provoked and was the result of violence directed against him for personal reasons and not because of his employment. 3. The claimant abandoned his employment when he provoked and participated in an altercation with a fellow employee."

The board in its discussion stated: "We are convinced that the altercation arose from a difficulty related to claimant's employment, his comments concerning the number of men employed by Burgoon in the stein house, and not a personal matter and that the claimant had not left the course of his employment." However, the board made no further express finding on this point. The board did amend the referee's fourth finding of fact to read as follows: "4. That, on the aforesaid day, while the claimant was engaged in the course of his employment with the defendant, and immediately after an altercation with a fellow employe, the claimant slipped and fell to the floor of defendant's garage and sustained a fracture of his left ankle." Accordingly, the board affirmed the referee's award against the employer, which was also affirmed by the court of common pleas.

Appellants claim the board had no power to amend the referee's fourth finding since none of the parties to the appeal from the referee to the board excepted to

this finding. We think the board has inherent power, on appeal to it from the referee's action, to substitute its own findings or to amend any or all of the referee's findings, regardless of whether specific exception is filed by a party to the proceeding. The reason for this is clear. Under section 423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 854, on appeal from the referee to the board, the board "may disregard the findings of fact of the referee, and may examine the testimony taken before such referee, and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, . . . may, in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require."

The board on appeal from the referee may disregard the findings of fact of the referee and may make or substitute its own findings, with or without taking additional testimony. *Bronkowski v. Colonial Colliery Co.,* 153 Pa. Superior Ct. 574, 576, 34 A. 2d 837.

Appellants rely upon the rule in *Nesbit v. Vandervort & Curry et al.,* 128 Pa. Superior Ct. 58, 193 A. 393, to the effect that findings of fact not questioned on appeal from the referee to the board cannot be subsequently questioned on appeal to the common pleas. But the question raised by appellants in the present appeal is governed by what we said in *Focht v. General Baking Co. et al.,* 137 Pa. Superior Ct. 318, 9 A. 2d 185. In the *Focht* case the referee considered claimant's petition to set aside a final receipt as a claim for a new injury, and made an award in favor of the claimant. On appeal, the board reversed the award for the claimant, inter alia, on a ground not raised before the referee—that is, that even if claimant's petition be viewed as one for a new claim, it was defective since no notice was given the employer within ninety days of the accident. In distin-

guishing the *Nesbit* case, the late President Judge KELLER, who wrote the opinions in both cases, stated (137 Pa. Superior Ct. 318, 323, 324, 9 A. 2d 185, 187): "But the claimant, citing our ruling in Nesbit v. Vandervort & Curry, 128 Pa. Superior Ct. 58, 64 [193 A. 393], contends that as this point was not raised by the defendants in their appeal to the board, the latter should not have considered it. The learned court below correctly points out that our ruling in the case just above cited, that 'objection cannot afterwards be taken, on appeal from the board to the common pleas, to findings of fact of the referee not questioned on appeal to the board,' does not apply to appeals from the referee to the board, for 'The board is the final fact finding body in workmen's compensation cases,' and it 'has the power to review, revise, modify or set aside the findings of fact of the referee or substitute other findings of its own, upon the evidence in the record or after a rehearing': Nesbit v. Vandervort & Curry, supra, p. 64. See also Vonot v. Hudson Coal Co., 285 Pa. 385, 390, 132 A. 347. . . . The case is heard de novo before the board, for the purpose of finding the facts as well as applying the law to the facts so found, while in the common pleas the court is restricted to a determination of whether there is substantial evidence to support the board's findings of fact and whether the facts so found sustain the board's conclusions of law and the order." We think it is clear that the board, in the exercise of its statutory power, on appeal from the referee, may revise findings of fact, as well as conclusions of law, regardless of whether a party has questioned the particular finding or conclusion. The referee is only the agent of the board, and on appeal the board may reject, change, or adopt the findings of the referee; and when a case goes from the compensation authorities to the court of common pleas, the appeal is from the findings and conclusions of the board, not the referee. *Morgan v. Sanderson et al.,* 146 Pa. Superior Ct. 37, 39, 21 A. 2d 475.

Parties are entitled to notice of, and a hearing on, the issues of fact in any workmen's compensation case. The compensation authorities must make findings which are sufficiently specific and definite to enable a court to review the questions raised, and, if this fundamental right is not granted, this Court may return the case for more specific findings. *Flood v. Logan Iron & Steel Co. et al.*, 136 Pa. Superior Ct. 101, 110, 5 A. 2d 621. Appellants have not been deprived of any substantive or procedural right. Claimant's amended petition omitted reference to any altercation with a fellow employee. Appellants had the right to petition the board for a rehearing under section 426 of the Act of 1915, as re-enacted and amended, 77 PS § 871, if they felt that the issues had not been fully disposed of or that they could produce evidence which would substantially affect the result. Cf. *Fronko v. United States Sanitary Mfg. Co. et al.*, 155 Pa. Superior Ct. 636, 643, 39 A. 2d 363.

The board has found that the accident occurred after the altercation as claimant was walking across the garage floor to put some tools on the bench. This finding is supported by evidence and therefore binding upon us. *Bronkowski v. Colonial Colliery Co.*, supra, 153 Pa. Superior Ct. 574, 578, 34 A. 2d 837. The conclusions of law were proper and the award must be sustained.

The judgment is affirmed.