## Taccalozzi, Appellant, *v.* Pittsburgh Plate Glass Co.

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Joseph T. Maioriello,* for appellant.

*James H. McHale,* for appellee.

PER CURIAM, April 10, 1951:.

This is a workmen's compensation case. The referee made an order of disallowance as the claim petition had not been filed within one year after the date of the alleged accident. See section 315 of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §602. The Workmen's Compensation Board affirmed the order of disallowance and the court of common pleas affirmed the Board. Claimant has appealed to this Court.

Claimant filed his petition for compensation on April 11, 1949, in which he alleged that he sustained an accidental injury in the course of his employment with defendant on September 16, 1947. Defendant filed an answer admitting the accident and denying claimant's allegations of continuing disability and of misleading conduct on the part of defendant.

It appears that claimant suffered a head injury on September 16, 1947, when he was struck by a bolt. He was given treatment in a hospital, where he remained for about three hours. Shortly thereafter claimant returned to his employment with defendant and worked until he voluntarily left on January 30, 1948. Claimant was subsequently employed by another employer from August 23, 1948, to January 28, 1949. In April, 1949, he entered Temple University to study radio and television.

At the hearing before the referee on the petition and answer, claimant testified that he had suffered from disabling headaches since the accidental injury on September 16, 1947. Claimant also testified that he had three separate conversations with defendant's superintendent with respect to medical attention. There is no testimony that the superintendent told him not to file a claim petition or that the superintendent offered to file the claim petition for him or upon his

behalf. Defendant's superintendent denied that he had ever had any conversations with claimant in which he promised that he would see that claimant received medical attention should he require it as a result of the accident. This witness also testified that he did not see claimant from January, 1948, when he left defendant's employ, until March, 1949, when claimant inquired of him relative to medical attention, at which time the witness referred claimant to a Mr. Moyer, another employe of defendant, who at the time handled compensation matters. The medical testimony was to the effect that claimant had fully recovered on October 9, 1947, from any injuries caused by the accident on September 16, 1947. Claimant admitted that upon his discharge from the army he was rated as being twenty per cent disabled by virtue of an accident suffered while in the service.

The Board affirmed the referee's finding of fact and made the following additional finding:

"2. That the claimant failed to present credible and convincing evidence that his failure to file his claim petition within one year after the accident was in any manner influenced by any misconduct or representations by the defendant or its representatives."

The Board upon appeal may make its own findings of fact without taking additional testimony; likewise the credibility of the witnesses and the weight to be attached to their testimony are for the Board's consideration. *Bronkowski v. Colonial Colliery Co.*, 153 Pa. Superior Ct. 574, 34 A. 2d 837. See section 423 of the Act of June 2, 1915, P. L. 736, as amended and reenacted by the Act of June 21, 1939, P. L. 520, §1, 77 PS §854.

Our statements in *Mackanitz v. Pittsburgh & West Virginia Railway Co.*, 157 Pa. Superior Ct. 359, at pages 364, 365, 43 A. 2d 586, at page 589, are appli-

cable and controlling in the present case: "The key to the proper disposition of this appeal is the proposition that the burden of proof is upon claimant to show by evidence clear and persuasive, and of more than doubtful weight, that defendant's conduct was the cause of the delay. . . . As this is true, it cannot be doubted that '. . . if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if, in the opinion of the board, such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given': Seitzinger v. Fort Pitt Brewing Co., 294 Pa. 253, 258, 144 A. 79. Where the board, which is not required to accept even uncontradicted oral testimony as true, declines to find facts in favor of a claimant having the burden of proof, the question before the court is simply whether the board's findings are consistent with each other, and with its conclusions of law and its order, and whether they can be sustained without a capricious disregard of the competent evidence produced on claimant's behalf. Unless the answer is in the negative, the order must be affirmed. . . ."

The record contains nothing upon which a reversal could be based, and consequently the judgment of the Board upon the evidence must prevail.

Order is affirmed.