Lorigan *v.* W. O. Gulbranson, Inc., Appellant.

252

Argued March 21, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph J. Lee,* with him *Frank A. Whitsett* and *Whitsett & Lee,* for appellant.

*David L. Baird,* with him *John J. McCamley* and *Baird and McCamley,* for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This appeal is from a decision of the Court of Common Pleas of Clearfield County.   It involves a workmen's compensation claim with a history as follows: Cyril P. Lorigan, decedent, was employed as a dragline operator on defendant's coal stripping operation. His other duties included assisting in making repairs when repairs were necessary.   On April 5, 1955, it became necessary to replace a bucket tooth.   Decedent helped to remove the tooth by swinging against it a

twelve pound sledge with his helper using an iron bar. This operation required a period of thirty-five to forty-five minutes. After the tooth was removed, decedent climbed into the main body of the shovel where in about twenty-five to forty minutes later he appeared to be in distress. This attracted the attention of his oiler, who helped to remove decedent to the Philipsburg Hospital where death occurred four hours later.

An autopsy was performed and determined that the cause of death was coronary insufficiency. Decedent was found with an enlarged heart, a degenerative condition of the heart muscles and sclerosis in the large coronary vessels. According to medical testimony, it was a condition of long standing.

The referee found that death resulted from an acute heart condition precipitated by over-exertion in swinging a sledge. He concluded that it was an accidental injury as contemplated by the Workmen's Compensation Act.

On appeal, the board reversed the referee's finding and made its own findings as follows:

"That the evidence does not unequivocally show that the death was precipitated by the decedent's labors on the morning of April 25, 1955."

The lower court then on appeal reversed the board's finding by reinstating the referee's findings of fact.

The first question for this Court to determine is whether the lower court had authority to reinstate the findings of the referee. We shall later consider board's findings and conclusions to determine whether they are supported by competent evidence. Our Appellate Courts have, on numerous occasions, pronounced the principle applicable to this question. It is now quite clear that matters for the consideration of our courts are confined solely to questions of law and include, of course, a determination of whether there is compe-

tent and substantial evidence in the record to justify the findings. *Golinski v. Odin Stove Manufacturing Company et al.*, 159 Pa. Superior Ct. 457, 48 A. 2d 95. When a claim goes to the courts the appeal is not from the findings of the referee, but from the findings and conclusions of the board. The referee is only an agent of the board and the board may reject, change, or adopt the findings of the referee. *Kenny v. Esslinger's Brewery et al.*, 161 Pa. Superior Ct. 451, 55 A. 2d 554. *Morgan v. Sanderson et al.*, 146 Pa. Superior Ct. 37, 21 A. 2d 475. *Unora v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 29, 90 A. 2d 625.

In this case, the board determined that the claimant had not sustained the burden of proof. Where, as here, the board rejects a claim it is not within the province of the court to disregard the findings of the board and then adopt the findings of the referee. It has been decided that where the board sustains a claim the courts are limited to determine only whether there is substantial competent evidence to sustain. In cases of disallowance, the courts can set aside the findings of the board if such findings are inconsistent with each other, or with its conclusions of law, or if they cannot be sustained without a capricious disregard of the competent evidence. *Gill v. Fives*, 170 Pa. Superior Ct. 564, 88 A. 2d 109.

The court below was, undoubtedly, in error in reinstating the referee's findings which were reversed by the board.

The more serious questions before us are, whether there is competent evidence to support the board's findings and whether the law had been properly applied. The findings of the board are conclusive upon us if they are supported by competent evidence and must be sustained because the board is the judge of the credibility of witnesses and the courts have no power to re-

verse even though they may feel that the weight of the evidence is against such a finding: *Thomas v. Bache et al.*, 351 Pa. 220, 40 A. 2d 495. It is not the duty of the courts to weigh the evidence; this function belongs to the board.

The testimony reveals that decedent had been suffering from a failing heart and sclerotic condition. His helper testified that removing of the bucket tooth in the dragline was not an unusual activity for decedent to engage in. The compensation authorities found that the cause of death was due to coronary occlusion.

Appellate Court cases hold that death of an employe, unless it is the result of some untoward happening not expected or designed, a mishap of fortuitous happening aside from the usual course of events is not compensable. *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724. Overexertion which aggravates an existing disease may constitute an accident but proof of the aggravation of a pre-existing condition, in itself, is not enough; that fact alone does not give rise to an inference that its cause was accidental. *Garver v. B. K. Elliott Company et al.*, 155 Pa. Superior Ct. 511, 38 A. 2d 533.

In *Good v. Pennsylvania Department of Property and Supplies,* 346 Pa. 151, 30 A. 2d 434, Justice DREW, speaking for the Supreme Court said:

"If an employee already afflicted with a disease suffers in the course of his employment an injury which is the natural result of the disease, there can be no recovery, for there is then neither the fortuitous event to cause the injury, required in the first type of case, nor an unexpected result of an ordinary happening."

It was incumbent upon the claimant to prove the decedent deviated from his normal duties to qualify the case as an unusual happening.

In view of Gmerek's testimony with respect to the effort required to remove a bucket tooth, we are of the opinion that such deviation from his normal manner was not sufficient to constitute an accident.

Applying the above principles to the case before us, it is our opinion that the evidence supports the refusal of the board to make an award.

A reading of the medical testimony convinces us that there is competent credible and substantial medical testimony to support a disallowance.

Order is reversed.