Rodgers, Appellant, *v.* Methodist Episcopal Hospital.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward R. Becker,* with him *Herman A. Becker,* for appellant.

*Paul H. Ferguson,* for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

This is a workmen's compensation case in which an award made by the referee was reversed by the Board. The Court of Common Pleas affirmed the order of the Board, and claimant has appealed. The factual situation appears in the following excerpt from the opinion of the lower court:

"The claimant was employed by the defendant as a plumber. He testified before the referee that during the evening, after his regular working hours, he was engaged in preparing a board to be placed behind a sink in the x-ray room of the hospital and that his left hand was injured when the revolving blade of a power saw struck a knot in the board. He was alone at the time; there were no other witnesses to the accident. A fellow employee, called by the defendant, testified that shortly after the accident the claimant informed him that the board on which the claimant was working was not intended for use in the x-ray room but was part of a cabinent on which the claimant was working for a friend of his, and that at the claimant's request the fellow employee found and secreted the board, apparently to prevent discovery of the fact that claimant had been engaged in work other than for his employer. There was also evidence that the claimant's first account of the accident, on his admission to the accident ward of the hospital, was that a beam had fallen on his hand".

Stating "that the crux of the problem is the credibility of the witnesses", the Board found as a fact that appellant was not in the course of his employment at

the time of his injury. The questions involved on this appeal, as submitted by appellant, are as follows: "1. Are the ordinary standards governing the scope of judicial review of findings of the Workmen's Compensation Board modified where the Board has rejected the findings of the referee and where the main issue involved is credibility of testimony? 2. When viewed in light of the proper rule was the decision of the Workmen's Compensation Board supported by substantial evidence or does it reflect a capricious disregard of competent evidence?"

Appellant argues "that the standard of judicial review . . . must be modified in the case where the Workmen's Compensation Board has rejected the findings of the referee and where the main issue involved is the credibility of testimony". In support of his position he cites "a leading line of cases in the Federal Courts which have gone to the very roots of administrative law", and urges us to "adopt the body of law so well and, appellant submits, reasonably developed in the Federal Courts". Whether or not the federal cases contemplate a different standard of judicial review, and we are not convinced that they do,[1] appellant misconceives the extent of the authority of the Workmen's Compensation Board as firmly established by our prior cases.

Section 423 of The Pennsylvania Workmen's Compensation Act[2] reads in pertinent part as follows: "In any such appeal the board may disregard the findings of fact of the referee, and may examine the testimony taken before such referee, and if it deem proper may hear other evidence, and may substitute for the find-

---

[1] See the article entitled "Administrative Law: The 'Substantial Evidence' Rule" in the October 1958 issue of the American Bar Association Journal, Volume 44, page 945.

[2] Act of 1915, P. L. 736, as amended, 77 P.S. 1 et seq.

ings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may, in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require".

By virtue of the quoted statutory provision, the Workmen's Compensation Board has the express power and authority to entirely disregard and vacate the referee's findings and substitute its own, since the referees are only the representatives of the Board which is the final arbiter of the facts: *Abbadini v. Vesta Coal Co.,* 149 Pa. Superior Ct. 244, 27 A. 2d 734. "When a claim goes to the courts the appeal is not from the findings of the referee, but from the findings and conclusions of the Board. The referee is only an agent of the Board and the Board may reject, change, or adopt the findings of the referee": *Lorigan v. Gulbranson, Inc.,* 184 Pa. Superior Ct. 251, 132 A. 2d 695. "The Board is the ultimate fact-finding body. Referees are only agents or representatives of the Board. It may set aside their findings if it disagrees with the inferences to be drawn from the testimony or differs as to the weight to be given to the evidence": *Baumeister v. Baugh & Sons Co.,* 142 Pa. Superior Ct. 346, 16 A. 2d 424. A contention that a finding of fact by the referee is comparable to the verdict of a jury was expressly rejected in *Bronkowski v. Colonial Colliery Co.,* 153 Pa. Superior Ct. 574, 34 A. 2d 837.

Appellant had the burden to prove all the elements necessary to support an award: *DiSimone v. Beam,* 182 Pa. Superior Ct. 274, 126 A. 2d 799. Since the decision of the Board in the instant case was against the party having the burden of proof, the question before us on this appeal is whether the Board's findings of fact are consistent with each other and with the

conclusions of law and can be sustained without a capricious disregard of the competent evidence: *Irvin v. Plymouth Meeting Rubber Division Linear,* 182 Pa. Superior Ct. 280, 126 A. 2d 491. We cannot determine questions relating to the weight of the evidence or the credibility of witnesses: *Lorigan v. Gulbranson, Inc.,* supra, 184 Pa. Superior Ct. 251, 132 A. 2d 695.

Our review of this record does not disclose any inconsistency in the findings and conclusions of the Board, or capricious disregard of competent evidence. The decision of the Board, affirmed by the court below, must therefore be sustained.

Order affirmed.