## Donaldson v. P. J. Oesterling & Sons, Inc.

*Willis A. MacDonald,* for claimant.

*John L. Wilson,* for defendant.

RODGERS, P. J., March 16, 1962.—This matter comes before the court on an appeal by defendant from a decision of the workmen's compensation board.

The referee had disallowed the claim of claimant which was based on an alleged common law marriage on the basis that no such marriage had been proven. The board reversed the referee's finding on this point and allowed the claim.

The workmen's compensation board has the express power and authority (Act of June 2, 1915, P. L. 736, as amended, 77 PS §854) to entirely disregard and vacate a referee's findings and substitute its own, since the referees are only the representatives of the board which is the final arbiter of the facts: Abbadini v. Vesta Coal Company, 149 Pa. Superior Ct. 244. It may set aside findings if it disagrees with the inferences to be drawn from the testimony: Baumeister v. Baugh & Sons Company, 142 Pa. Superior Ct. 346. And if a claim should be appealed to the courts, the appeal is not from the findings of the referee, but from the findings and conclusions of the board: Lorigan v. Gulbranson, Inc., 184 Pa. Superior Ct. 251; Rodgers v. Methodist Episcopal Hospital, 188 Pa. Superior Ct. 16, 19.

The court on appeal determines whether the law has been properly applied and whether the findings of fact are supported by competent and relevant proof: Parkins v. Hillman C. & C. Co., 114 Pa. Superior Ct. 358; Bronkowski v. Colonial Colliery Co., 153 Pa. Superior Ct. 574; Baumann v. Howard J. Ehmke Co., 126 Pa. Superior Ct. 108.

The facts in this case are as follows: On January 4, 1957, Frank V. Donaldson, the deceased, met with an accident while in the course of his employment with defendant and died as a result thereof on January 22,

1957, leaving to survive him the claimant, Gladys E. Donaldson, and two minor children, Patricia Donaldson, born October 7, 1945, and Russell Donaldson, born on June 22, 1948. A claim petition was filed by said claimant on behalf of herself and minor dependent children; in said petition claimant alleges that she was the common law wife of the deceased. She alleges a common law marriage on July 1, 1944, and then changes the date by her testimony to December 1, 1945.

The evidence discloses that in May, 1944, when decedent and claimant first met, claimant was married to Frank LeRoy Keating, and decedent was married to Alice Donaldson. On July 1, 1944, they began living together as man and wife in New Castle, Pennsylvania, at the home of a sister of claimant. Neither had as yet been divorced. They lived there until January, 1945, when they went to the home of Mr. and Mrs. Russell H. Sellers, the parents of claimant, at Eau Claire, Pennsylvania, and lived with them until May, 1946.

While living at the home of claimant's parents, claimant gave birth to Patricia Donaldson on October 7, 1945. At that time claimant was still married to Frank LeRoy Keating; but the marriage of Frank V. Donaldson and Alice Donaldson had been dissolved by an order of the Court of Common Pleas of Mercer County, on September 21, 1945.

On November 30, 1945, by order of the Court of Common Pleas of Butler County, the marriage of Frank LeRoy Keating and claimant, Gladys E. Keating, was dissolved. On or about December 1, 1945, claimant testified that she said to her husband, ". . . whether we're married by a preacher or not, I'm your wife, and he said yes, you are my wife and I am your husband. We said that in the privacy of our own bedroom, and many times since."

In April, 1946, claimant's parents knew that prior to December 1, 1945, the parties had not entered into

a marriage contract, but did not know of the contract which each of the parties had entered into in the privacy of their own bedroom. The parents stated that if they would be married they would build a home for them; and, to please the parents, they went to Kentucky for the purpose of entering into a ceremonial marriage. The license bureau was closed, and they had to return home without entering into a ceremonial marriage. Thinking that claimant and decedent had been married, the parents of claimant prepared a dinner for them and for members of both families.

A house was then built for claimant and decedent where they lived until the death of decedent. A second child, Russell Donaldson, was born on June 22, 1948. The claimant's parents did not learn that a marriage ceremony had not been performed in Kentucky until the death of the decedent.

The claimant and two children were dependent on the decedent for support. During the years that claimant and decedent lived together they were known in the community as husband and wife.

This is supported by the following evidence:

1. After the birth of their first child and the bar to their marriage having been removed, the parties continued to live together and a later child was born to them; namely, Russell Eugene Donaldson, on June 22, 1948.

2. Claimant and decedent had both of their children baptized in the church in the presence of the community, and claimant and decedent were designated as their parents.

3. Claimant and Frank V. Donaldson were introduced to all the friends and relatives in the community wherein they lived as husband and wife, and this course of conduct lasted for a period of approximately 12 years.

4. Business associates, where decedent worked, testified to the fact that claimant was introduced to other employes as the wife of decedent and she was generally accepted and known as Mrs. Frank V. Donaldson, wife of decedent.

5. Decedent also named claimant as his wife on various insurance policies which he had taken out in his lifetime.

6. Decedent also procured a wedding ring and engagement ring which he gave to Gladys E. Donaldson. She wore the rings continually throughout their married life on and after December 1, 1945.

This relationship in its inception was meretricious and would continue to be so after the impediment was removed unless a new marriage agreement was entered into after the removal of the impediment: Pierce v. Pierce, 355 Pa. 175. Being a meretricious relationship in its inception, no presumption of marriage is raised from proof of its continuance. The presumption is for the continuance of the meretricious relationship, and it can be overcome only by clear and convincing evidence that both parties consented to a new agreement after the removal of the obstacle to their marriage.

There is competent and relevant substantial evidence in this case to establish by clear and convincing proof that the parties, after the removal of the obstacle to their marriage, expressed by words *in praesenti* an intention to create a new agreement presently as distinguished from a continuance of the agreement which had existed since July of 1944. This finding of the board will not be upset: Bronkowski v. Colonial Colliery Co., 153 Pa. Superior Ct. 574. Moreover, it is clear that the law was properly applied to the facts as found by the board: Parkins v. Hillman C. & C. Co., 114 Pa. Superior Ct. 358. Therefore, the appeal in this case is dismissed.

*Order*

And now, March 16, 1962, the appeal of defendant is dismissed.