## SEABOARD AIR LINE RAILWAY *v.* LORICK.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH
CAROLINA.

No. 762.  Argued April 10, 1917.—Decided April 23, 1917.

In an action in a state court under the Federal Employers' Liability Act, it was in evidence that the employee, in the line of his duty, was injured in an effort to raise a coupler without the aid of a jack; that a jack was the proper appliance for such work; that he had requested one of his superior repeatedly on former like occasions and that it had been promised him a few weeks before the accident. The court below having affirmed the action of the trial court in refusing to direct a verdict for defendant upon the grounds of assumption of risk and absence of negligence, *Held;* that there was no clear and palpable error such as would justify this court in disturbing the verdict for the plaintiff. *Baltimore & Ohio R. R. Co.* v. *Whitacre,* 242 U. S. 169, 171.

THE case is stated in the opinion.

*Mr. J. B. S. Lyles* for plaintiff in error.

*Mr. Frank G. Tompkins*, with whom *Mr. Geo. Bell Timmerman* was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Federal Safety Appliance Acts (as supplemented by Act of April 14, 1910, c. 160, 36 Stat. 298, 299) prohibit a carrier engaged in interstate commerce from hauling a car with a defective coupler, if it can be repaired at the place where the defect is discovered. *United States* v. *Erie R. R. Co.*, 237 U. S. 402, 409. The Seaboard Air Line Railway received such a car at one of its yards. Lorick, the local car inspector and repairer, who discovered the defect, undertook to make the repairs, as was in the line of his duty. To do so it was necessary to raise the coupler; and for this a jack was the appropriate appliance. None having been furnished him, he sat down under the coupler and raised it with his shoulder which was thereby seriously strained. Occasion to make similar repairs had previously arisen at this yard at short intervals. Lorick had for this purpose repeatedly asked the chief car inspector for a jack; and a few weeks before the accident had been promised one. Lorick sued the company under the Federal Employers' Liability Act in a state court of South Carolina and testified to the facts above stated.

The case was tried twice before a jury and was twice reviewed by the Supreme Court of South Carolina. At the first trial the court directed a nonsuit on the ground that Lorick had assumed the risk. The Supreme Court set aside the nonsuit (102 S. Car. 276) holding that in view of the promise to supply a jack, the question of assumption of risk should have been left to the jury, citing *McGovern* v. *Philadelphia & Reading Ry. Co.*, 235 U. S. 389. At the second trial defendant asked for a directed verdict on the grounds both that Lorick had assumed the

risk and that there was no evidence of negligence on defendant's part. This request being refused, the case was submitted to the jury under instructions which were not objected to; and a verdict was rendered for plaintiff. Defendant's exceptions to the refusal to direct a verdict were overruled by the Supreme Court. The case comes here on writ of error where only these same alleged errors may be considered.

The appellate court was unanimous in holding that the trial court had properly left the case to the jury. No clear and palpable error is shown which would justify us in disturbing that ruling. *Great Northern Ry. Co.* v. *Knapp*, 240 U. S. 464, 466; *Baltimore & Ohio R. R. Co.* v. *Whitacre*, 242 U. S. 169, 171. The judgment is

*Affirmed.*

MR. JUSTICE VAN DEVANTER and MR. JUSTICE MC-REYNOLDS dissent.