## 9883

### HARMON v. SEABOARD AIR LINE RY.

#### (96 S. E. 253.)

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.— Where a railroad servant, engaged in lifting heavy timbers and placing them on a dump car to be used in the construction of a trestle, was injured while lifting a piece of timber because the crew was inadequate, he could not recover, having assumed the risk.

Before PRINCE, J., York, Spring term, 1918.    Affirmed.

Action by S. O. Harmon against the Seaboard Air Line Railway Company. From an order of nonsuit, plaintiff appeals.

*Messrs. John T. Green* and *J. Harry Foster,* for appellant, cite: *As to assumption of risk:* 73 S. C. 503; 68 S. C. 55; 47 Am. Rep. 319; 19 Am. State Rep. 180; 24 Am. St. Rep. 317; 44 Am. St. Rep. 945; 66 Pacific Reports 799; 92 S. C. 528; 52 S. C. 438; 55 S. C. 102; 14 Encyc. of Law 357; 21 S. C. 541; 82 S. C. 550; 89 S. C. 390; 55 S. C. 90.

*Messrs. Glenn & Glenn,* for respondent, cite: 233 U. S. 492; 38 Law Ed. 1002.

June 2, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order of nonsuit.    The action arose under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, secs. 8657-8665]).

At the time of the injury hereinafter mentioned the plaintiff, with other servants, was engaged in lifting heavy timbers, and placing them on a dump car to be used in the construction of a trestle.   While lifting a piece of timber, the plaintiff's back was strained through overexertion, and he was thereby injured.   It was alleged that the plaintiff and the other employees were working under the foreman; that the crew was inadequate; that the foreman negligently hurried the work; and that this was the cause of the injury.

His Honor, the Circuit Judge, granted the nonsuit, on the ground that the plaintiff was well aware of the fact that the number of servants was insufficient, that the plaintiff nevertheless continued to do the work assigned to him, and that he thereby assumed the risk of his employment.

The rule is thus stated in the case of *Seaboard Air Line v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915c, 1, Ann. Cas. 1915b, 475:

"Such dangers as are normally and necessarily incident to the occupation, are presumably taken into the account, in fixing the rate of wages.   And a workman of mature years is taken to assume risks of this sort. * * * But risks of another sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care, with respect to providing a safe place of work, and suitable and safe appliances for the work.   These the employee is not treated as assuming until he becomes aware of the defect or disrepair and the risk arising from it, unless defect and risk alike are so obvious, that an ordinarly prudent person under the circumstances, would have observed and appreciated them. * * * When the employee does know of the defect, and appreciates the risk that is attributable to it, then if he continues in the employment, without objection, or without obtaining from the employer or his representative an assurance that the defect will be remedied, the employee assumes the risk, even though it arise out of the master's breach of duty."

The facts in the case under consideration are quite different from those in *Lorick v. Railway,* 102 S. C. 276, 85 S. E. 675, Ann. Cas. 1914d, 920, in which there was a second trial, 93 S. E. 332, and which was affirmed on writ of error by the United States Supreme Court. 243 U. S. 572, 37 Sup. Ct. 440, 61 L. Ed. 907. In that case the testimony tended to show that the plaintiff, a car inspector, was not provided with a jack which was necessary to make the requisite repairs, and that he had on several occasions complained to his superior officers that he should be provided with such appliance. The superior officers promised to furnish him a jack, but failed to do so.

Affirmed.