**Abe Chesnut, Appellant, v. Chicago, Burlington and Quincy Railroad Company, Appellee.**

Opinion filed March 6, 1936.

J. G. BURNSIDE, of Vandalia, and L. C. COMBE, of Greenville, for appellant.

C. E. DAVIDSON, of Greenville, J. C. JAMES and C. W. KROHL, both of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Abe Chesnut, plaintiff, brought an action against the Chicago, Burlington and Quincy R. R. Co., the defendant, to recover damages for personal injuries claimed to have been sustained by him as a result of a sunstroke while he was employed by the defendant as a sectionhand in repair of the defendant's railroad tracks.

Plaintiff's second amended complaint was based upon a liability under the Federal Employer's Liability Act and as negligence, the first count alleges that it was the duty of the defendant to use reasonable care not to injure him and to protect him from injury; that on August 7, 1934, in violation of that duty the defendant wrongfully and negligently caused the plaintiff to work in such extreme heat and for such a great length of time that he suffered injury. The second count is the same as the first except that it contains the additional allegation that while plaintiff was suffering pain from the extreme heat he informed defendant of such fact but that defendant ignored plaintiff's complaint and ordered him to work past the regular quitting time and while so engaged he suffered injury. The third count is that the heat of the day was extraordinary and excessive; that in the place where he was working he was more exposed to danger from the heat of the sun than people generally were subjected to by the prevailing summer heat; that he informed defendant he was hot and suffering pain and that defendant ordered and directed him to continue work until after the regular time of quitting the day's work and that while thus engaged, he suffered injury.

The fourth and fifth counts are the same as to the charge of negligence as the third count.

The sixth count alleges that the assistant roadmaster and the section foreman were representatives. of the defendant and were plaintiff's immediate supe-

riors and that while working under their direction in the intense heat of the day, they negligently failed to furnish plaintiff sufficient help to do the work. The court sustained defendant's motion to strike the complaint on the grounds that none of the counts stated a cause of action and plaintiff appealed to this court.

In actions brought in the State courts under the provisions of the Federal Employer's Liability Act, the decisions of the Supreme Court control. *Brant v. Chicago & A. R. Co.*, 294 Ill. 606; *Central Vermont Ry. Co. v. White*, 238 U. S. 507; *Huff v. Illinois Cent. R. Co.*, 362 Ill. 95.

''Any action which seeks to impose liability upon a common carrier under the provisions of the Federal Employers' Liability Act must be founded upon negligence. (Barnes' Fed. Code, sec. 8069.) The company is not a guarantor of the safety of the place of work or of the machinery and appliances used. The extent of its duty is to see that ordinary care and prudence are exercised, to the end that the place in which the work is to be performed and the tools and appliances of the work may be safe for the workmen. (Roberts' Injuries to Interstate Employees, sec. 12; *Seaboard Air Line Railway Co. v. Horton*, 233 U. S. 492.) . . . In occupations involving no extraordinary hazard, in which an employee engages voluntarily, without compulsion or emergency he is conclusively presumed to have assumed such risks as are ordinarily incidental thereto, not due to the employer's negligence or violation of law. *Chicago, Rock Island and Pacific Railway Co. v. Ward*, 252 U. S. 18; *Chicago and Northwestern Railway Co. v. Bauer*, 241 id. 470.'' *Huff v. Illinois Cent. R. Co., supra.* There is no allegation in any of the counts that charges the defendant with having furnished plaintiff defective tools or appliances with which to work. Neither is there an allegation in any of the counts that the place where plaintiff was to perform the work was not suitable and reasonably

safe except as to such hazard as might arise from the extreme heat of the weather.

When plaintiff accepted employment from defendant as a section laborer, he knew that in the performance of his labors, he would be outdoors. Assuming as we must, that he was a person of ordinary intelligence, he well knew and understood that in this climate there would be times when the heat of the sun would be intense. He knew his own physical condition and ability to endure such heat. He might not have been able to definitely determine the amount of heat he could stand or the work he could perform under such weather conditions, yet as to that risk, he knew better than anyone else how much the heat affected him and the extent of his endurance and the point beyond which he ought not for his own safety continue at work. *Louisville & N. R. Co. v. Williams,* 165 Ky. 386, 116 S. W. 1186, L. R. A. 1915 E 613; *Stockwell v. Chicago & N. W. Ry. Co.,* 106 Iowa 63, 75 N. W. 665.

Plaintiff contends that the intense heat of the sun as described in the third, fourth and fifth counts was so excessive that the plaintiff should not as a matter of law be held to have assumed the risk of suffering a sunstroke while working under such conditions.

Even if the condition created by the intense heat of the sun on this particular day did not frequently occur and was not reasonably to be anticipated by one engaged in such labor, this would not constitute a risk for which the defendant would be liable, if the conditions of the temperature were so obvious that an ordinarily prudent person under the same circumstances would have observed and appreciated the fact that there was danger of heat prostration if he continued in such employment. *Seaboard Air Line Ry. v. Horton,* 233 U. S. 492. We are of the opinion that plaintiff assumed the risk of heat prostration caused by the excessive and extraordinary heat described in the third, fourth and fifth counts.

The allegation that the defendant directed the plaintiff to work in the sun and to continue after the usual quitting hours does not contain an element of negligence. *Huff v. Illinois Cent. R. Co., supra.* It is not alleged that plaintiff was laboring under compulsion or in any emergency or was influenced by any promise of a better or cooler place to work.

The sixth count is based upon negligence in failure to furnish sufficient help. Since this case was submitted on brief and argument, the Supreme Court in *Huff v. Illinois Cent. R. Co., supra,* held that the failure to furnish sufficient help is a risk assumed by the employee. The facts in that case are so nearly analogous to the facts pleaded in the sixth count that the principles announced there are controlling here.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*