## Guerierro, Appellant, *v.* Reading Company.

Argued November 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Paul M. Goldstein,* of *Freedman & Goldstein,* with him *Morris J. Winokur,* for appellant.

*Henry R. Heebner,* with him *Wm. Clarke Mason,* for appellee.

OPINION BY MR. JUSTICE DREW, January 4, 1943:

Under the provisions of the Federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65),[1] the applicability of which is conceded, this suit in trespass was brought by plaintiff, Antonio Guerierro, against his employer, Reading Company, to recover compensation for personal injuries sustained while working as a laborer. This case has been tried twice—the first, in which plaintiff recovered a verdict in the sum of $3,100, resulted in the granting of a new trial; and, the second, resulted in a non-suit at the conclusion of plaintiff's case as to the manner in which the accident occurred. From the refusal of the learned court below to take off the non-suit, plaintiff has appealed.

Giving plaintiff the benefit of every fact and inference of fact properly deducible from the evidence, we find the following to be the facts. The accident happened on the morning of November 16, 1938, as plaintiff, a section hand of fifteen years' experience with defendant company, and three other laborers, in the performance of their regular duties, were rolling a motor truck, laden with various tools and equipment, from a tool house, over a turntable, onto an adjacent side track, preparatory to proceeding thereon to their destination along the interstate tracks of defendant railroad upon which

---

[1] The amendment of this statute (c. 685, 53 Stat. 1404) passed August 11, 1939, has no bearing whatever upon the present controversy inasmuch as the accident with which we are here concerned happened prior to its enactment.

REPORTER'S NOTE: On February 1, 1943, the Supreme Court of the United States, held in *Tiller v. Atlantic Coast Line R. Co.,* 318 U.S. 54, that the 1939 Amendment completely abolished the defense of assumption of risk.

they were to work that particular day. In so doing, the two front wheels of the truck left the track. Before replacing them, however, the men awaited the return of their foreman and plaintiff informed him that the truck was too heavy and that more men were needed to raise it. The foreman, without promising any additional assistance, told them: "You raise it." Thereupon the four men lifted the end of the truck to the rails without even attempting to remove the tools and equipment therefrom, and while doing so plaintiff suffered an injury to his back. Although he complained thereafter from time to time of pain, he nevertheless continued at his regular employment for eight to ten weeks following the accident without seeking medical care.

Since there is no question involved here as to any violation of regulations of the Interstate Commerce Commission, or other Acts of Congress, there can be no recovery by plaintiff, under the provisions of the Federal Employers' Liability Act, in the absence of negligence on the part of defendant company: *Casseday v. B. & O. R. R. Co.*, 343 Pa. 342; *New Orleans & N. E. R. R. Co. v. Harris*, 247 U. S. 367. Moreover, the mere happening of an accident raises no presumption that it was caused by negligence: *Huff v. Illinois Cent. R. Co.*, 362 Ill. 95, 199 N. E. 116. The negligence upon which plaintiff bases his right of recovery is illegal inadequacy of help provided by defendant company to raise the derailed truck and place it back upon the track. To sustain this claim, he offered only his own testimony. Plaintiff testified that on previous occasions when the truck was derailed that "if one end of the truck would fall [off the track], of course, it wouldn't require eight men, but if the entire truck was off, it would." In answer to the question: "I say, if eight men could lift the whole truck, four men could lift half a truck, couldn't they, yes or no?", plaintiff replied: "Yes, sir, but of course, to lighten the weight on each individual, if there were eight around we would use eight." The record is

devoid of any testimony from which it could be possibly inferred that the lifting of the truck was being done in other than the usual and customary manner, and that four men, as were used at the time plaintiff sustained his injuries, were inadequate, and for that reason there was nothing upon which a jury could have predicated a finding of negligence. It is well established that an employee is conclusively presumed to have knowledge of the ordinary risks incident to the occupation in which he voluntarily engages: Roberts, Federal Liabilities of Carriers (2d ed.), Vol. 2, sec. 831, pp. 1608-09. In the present controversy, it clearly appears that plaintiff assumed the risk arising from the act of placing the truck or handcar upon the track, which was part of his regular duties incident to his employment, and thus is precluded from recovery.

Even if the evidence offered were sufficient to sustain a finding of negligence, we are still of the opinion that under the undisputed facts defendant company is not liable. It is equally well settled that an employee is regarded to have assumed the risk attributable to his employer's negligence of which he is aware: *Ches. & Ohio Ry. v. Proffitt*, 241 U. S. 462. The burden of proving assumption of risk is on the employer, unless, of course, the evidence undisputably shows such assumption: *Kanawha Railway v. Kerse*, 239 U. S. 576. Plaintiff testified: "I know it was too heavy even before beginning to lift it", and he must, therefore, be regarded to have assumed the risk of overexertion. In *Harmon v. Seaboard Air Line Ry. Co.*, 110 S. C. 153, 96 S. E. 253, it was held that a section hand had assumed the risk of injury in lifting a piece of timber, even though the crew engaged to do the work was inadequate. It was said in *Gulf, C. & S. F. R. Co. v. Spivey*, (Tex. Civ. App.), 56 S. W. (2d) 655, certiorari denied 290 U. S. 676: "The rule seems to be generally sustained that, 'in the absence of any emergency, where a servant knows or ought to know that the master has furnished too few servants

for the reasonably safe prosecution of the work, he as-sumes the risks incident to working with insufficient assistance.' 39 C. J. 744; *Missouri, O. & G. R. Co. v. Black* (Tex. Civ. App.), 176 S. W. 755. The duty of the servant in such case is to quit the service. And in cases where injuries result, in the absence of any emergency, from overtaxing his strength or overstraining his muscles, the uniform rule seems to be that the servant, who is the best judge of his own strength, assumes the risk of the consequences [citing numerous cases]."

Plaintiff contends, however, that he is absolved from the defense of assumption of risk for the reason that he complained that the truck was too heavy and that more help was needed before attempting to lift it, and that the foreman told him to proceed with the work. With this argument we do not agree. No promise was made that assistance would be forthcoming. There is not one iota of testimony from which any inference could be drawn that plaintiff relied upon the foreman's judgment, rather than his own. He labored under no compulsion or in any emergency. In this connection, it was said, in *Huff v. Illinois Cent. R. Co.,* supra: "He [plaintiff] testified that he asked his foreman for additional help to remove the drawbar and that his request was flatly refused, and he was informed that if he could not do the work the foreman would get some one who could. No element of negligence was involved in this transaction. Nor is there any contention that the employer violated any rule of law or any duty which it owed the plaintiff in determining that the removal of the drawbar was a one-man job. The plaintiff was not acting under compulsion or in any emergency, nor was he influenced by any promise of additional help. Under these circumstances he is conclusively presumed to have assumed such risks as were ordinarily incidental to his work . . ." See also *Chestnut v. Chicago, B. & Q. R. Co.,* 284 Ill. App. 317, 1 N. E. (2d) 811.

This is a clear case of assumption of risk, whether negligence had been shown or not, and the learned court

below properly refused to take off the nonsuit which it had entered. In this view of the case, the other assignments need not be considered.

Judgment affirmed.