Alvin H. FRANKEL, Administrator of
the Estate of William Cole,
Deceased,

v.

ABBOTTS DAIRIES, INC.

Civ. A. No. 27933.

United States District Court
E. D. Pennsylvania.

July 12, 1960.

S. Gerald Litvin, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

George D. Sheehan, Murphy & Sheehan, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is a diversity action for the wrongful death of decedent, William Cole, who was employed by the defendant, Abbotts Dairies, Inc. The complaint alleges that notwithstanding the fact that the defendant-employer knew that the decedent was suffering from duodenal ulcers and a heart condition (which knowledge was the result of a physical examination of the decedent by the company doctor), and further knew or should have known that the decedent was so disabled that the performance of

his regular duties as a driver-salesman would be detrimental to his health and well-being, the defendant ordered the decedent back to work, thereby causing his death. The question here involved is do these allegations state a cause of action for negligence, which cause of action is not barred by the exclusive remedy provisions of the Workmen's Compensation Act of Pennsylvania, Act of June 2, 1915, P.L. 736 as amended, 77 P.S. § 1 et seq. (hereinafter referred to as the "Act")?

■ The defendant has moved to dismiss the action and for summary judgment. It argues that we are without jurisdiction to hear this case because of the Act. Unfortunately we cannot agree. Reading the complaint in the light of such cases as Stufflet v. Fraternal Order of Eagles, 1949, 164 Pa.Super. 473, at page 476, 65 A.2d 443; Ricketts v. Bell Telephone Co., 1955, 178 Pa.Super. 588, at pages 592–593, 115 A.2d 818; Lorigan v. W. O. Gulbranson, Inc., 1957, 184 Pa. Super. 251, at page 255, 132 A.2d 695; and Gammaitoni v. Gasparini Excavating Co., 1958, 185 Pa.Super. 643, at pages 645–647, 139 A.2d 679, the conclusion seems inescapable that the plaintiff has effectively pleaded himself without the terms of the Act.[1] This being so, he is free to pursue any common-law remedy which may exist within this remaining circumscribed area of facts. See Dolan v. Linton's Lunch, 1959, 397 Pa.

114, 152 A.2d 887.[2] We point out, however, that if, during the course of discovery or at trial, it is affirmatively established that the decedent's death resulted from an "accident" and not merely from the aggravation of an existing abnormal condition, which aggravation was caused by the decedent simply performing his ordinary and regular duties, then a proper motion to dismiss will be entertained.

■ Only a word need be said concerning the remaining issue in this case, i.e., whether the complaint otherwise states a cause of action under the law of Pennsylvania. Although we have been unable to discover a Pennsylvania case directly on point, there is precedent in the law for allowing recovery on analogous facts. See for example Dunn v. Conemaugh and Black Lick Railroad Co., 3 Cir., 1959, 267 F.2d 571; Nuttall v. Reading Co., 3 Cir., 1956, 235 F.2d 546; Bascho v. Pennsylvania Railroad Co., 1949, 3 N.J.Super. 86, 65 A.2d 613; Restatement of Torts, § 323 (1934 Ed.)[3] Recognizing the peculiar relationship between an employer and his employee and the fundamental duty of an employer to exercise reasonable precautions against injury to his employees while they are in his service and obeying his orders, a jury might reasonably find an employer negligent in ordering an employee whom it *knew* was physically unfit to perform his normal duties, to perform such duties,.

1. These cases stand for the general proposition that where the claimant merely suffers an aggravation of a pre-existing condition, the aggravation must be the result of his doing work of a different nature or calling for materially greater effort than ordinarily required or result from a fortuitous event, such as a fall—*and not merely be the result of his performing his ordinary tasks.* Otherwise he has not sustained an "accident" necessary for recovery under the terms of the Act. 77 P.S. § 431.

2. This case, which involved a fact situation expressly excluded from coverage of the Act, (i. e., a situation where the injury is caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe) held that where the Act did not cover a situation, the injured person was not precluded from maintaining an action in trespass against his employer. We see no difference between that case and our own, where, by judicial interpretation of the Act (rather than by express language in the statute), another fact situation is held to be outside its coverage.

3. It is true that these cases dealt with the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Nevertheless this Act draws upon the common law for general principles of negligence, even though such special matters as quantum of proof, contributory negligence, assumption of risks, etc. are governed by the statute.

thereby causing his death.[4]  Dunn v. Conemaugh and Black Lick Railroad, supra.  Again we merely point up the difficulty of the plaintiff's proof, if he is to prevail at trial.  Nevertheless the fact that the plaintiff has chosen a long and steep road to recovery does not justify our blocking that road at this point.

█  In light of what has already been said, defendant's motion to dismiss and for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., will of course be denied.  There are a number of genuine issues as to certain material facts, which issues must necessarily be resolved by a jury, thus precluding summary judgment.  Bragen v. Hudson County News Co., Inc., 3 Cir., 278 F.2d 615.

4. Should the defendant affirmatively establish that decedent himself had full knowledge of his state of health, this fact may bar recovery.  Guerierro v. Reading Co., 1943, 346 Pa. 187, 29 A.2d 510.