**Walter WOLF, Administrator of the Estate of John S. Kopec, Deceased,**

v.

**HATBORO CONSTRUCTION CO., Inc.**
**Civ. A. No. 34597.**

United States District Court
E. D. Pennsylvania.

Nov. 17, 1964.

Daniel J. Ryan, of LaBrum & Doak, Philadelphia, Pa., for plaintiff.

James P. McHugh, and Joseph F. Mulcahy, Jr., Chester, Pa., for defendant.

BODY, District Judge.

Plaintiff's amended complaint as filed April 13, 1964 has been brought under the Pennsylvania Wrongful Death Act and the Survivor's Act. Defendant has filed a motion to dismiss on the grounds that plaintiff's amended complaint fails to state a claim or a cause of action against the defendant.

Paragraphs No. 4 and No. 5 of plaintiff's amended complaint allege:

"4. On or about November 26, 1962, the late John S. Kopec died while employed by Hatboro Construction Co., Inc., as a result of the negligence of the said Hatboro Construction Co., Inc. Said negligence more fully described as follows:

"a) The decedent was employed as a carpenter by the defendant, Hatboro Construction Co., Inc.

"b) On or about October 28, 1962, the decedent was admitted to Sacred Heart Hospital, Chester, Pennsylvania, the diagnosis of congestive heart failure, complicated by pulmonary emphysema.

"c) The decedent was discharged from the hospital on November 6, 1962.

"d) The defendant-employer knew that the decedent was suffering from a serious heart condition and. further knew or should have known that the decedent was so disabled that the performance of his regular duties as a carpenter would be detrimental to his health. and well-being.

"e) Despite this knowledge the Defendant ordered the decedent back to work as a carpenter.

"5. The decedent on November 21, 1962, returned to work to his regular duties as a carpenter for the Defendant upon the orders of the Defendant and died on November 26, 1962, while engaged in his regular duties for the Defendant at the Sandra Court Apartments at Ridge and Paoli Avenues, Philadelphia, Penna."

From the above-quoted paragraphs of the amended complaint it is clear that plaintiff's decedent was an employee of the defendant. Thus, the primary issue to be decided by this Court is whether plaintiff is limited exclusively to the remedy under the Pennsylvania Workmen's Compensation Act for the death of plaintiff's decedent.

Under the Pennsylvania Workmen's Compensation Act, one who has effectively pleaded himself without the terms of the Act in a wrongful death action is free to pursue any common-law remedy which may exist within the remaining circumscribed area of facts. Dolan v. Linton's Lunch, 397 Pa. 114, 152 A.2d 887 (1959). Thus, it is clear that situations may arise where one may plead himself without the terms of the Act.

The identical problem was presented in Frankel v. Abbotts Dairies, Inc., D.C., 185 F.Supp. 636. As was stated so aptly by my learned Brother, Chief Judge Clary:

" * * * Recognizing the peculiar relationship between an employer and his employee and the fundamental duty of an employer to exercise reasonable precautions against injury to his employees while they are in his service and obeying his orders, a jury might reasonably find an employer negligent in ordering an employee whom it *knew* was physically unfit to perform his normal duties, to perform such du-

ties, thereby causing his death. Dunn v. Conemaugh and Black Lick Railroad, supra. Again we merely point up the difficulty of the plaintiff's proof, if he is to prevail at trial. Nevertheless the fact that the plaintiff has chosen a long and steep road to recovery does not justify our blocking that road at this point."

As to defendant's contention that plaintiff has failed to file his complaint within the statutory one year period, the records show that the decedent died on November 26, 1962 and that the initial complaint was filed on November 26, 1963, which was within the one year period.

### ORDER

And now, this seventeenth day of November, 1964, in accordance with the foregoing Opinion, it is ordered that defendant's motion for a dismissal of plaintiff's amended complaint be and the same is hereby denied.