Stephen A. WALSH

v.

MIEHLE–GOSS–DEXTER, INC.

v.

EDWARD STERN AND COMPANY, Inc.

Civ. A. No. 29481.

United States District Court
E. D. Pennsylvania.

Aug. 18, 1965.

Milton M. Borowsky, of Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

**694**

Howard R. Detweiler and Henry F. Huhn, Philadelphia, Pa., for Miehle-Goss-Dexter.

Jan E. DuBois of White & Williams, Philadelphia, Pa., for Edward Stern & Co., Inc.

BODY, District Judge.

On April 15, 1959 plaintiff while in the course of his employment by Edward Stern and Company, Inc., was injured when his right arm was caught in a Miehle No. 49–2 off-set printing press. Suit was started against Miehle-Goss-Dexter, Inc., who were the manufacturers and distributors of the aforestated press. Subsequently, Miehle joined Edward Stern and Company, Inc., as third-party defendant for the purpose of seeking contribution.

The case was tried before this Court and a jury and resulted in a verdict in favor of the plaintiff in the amount of $50,000, and in favor of the third-party plaintiff against the third-party defendant.

The Court has before it the following motions:

1. Plaintiff's Motion for a New Trial Limited to the Issue of Damages Only
2. Motions of Defendant and Third-Party Defendant for Judgment N.O.V. or for a New Trial

The motions of the defendant and the third-party defendant will be treated as one entity throughout this discussion since the matters relating to them are identical and will be adjudicated accordingly.

## PLAINTIFF'S MOTION FOR A NEW TRIAL LIMITED TO THE ISSUE OF DAMAGES ONLY

 Plaintiff has raised numerous issues in support of his motion for a new trial, one of which is that he was prejudiced at the time of trial because the action between the plaintiff and defendant was not severed from the action between the third-party plaintiff and third-party defendant. Whether severance is granted is a discretionary matter with the Court; and the Court concluded, after careful consideration of the request for severance, that plaintiff would not be prejudiced if the action were not severed. It is to be noted that when the third-party defendant made a motion for severance on the first day of trial, the plaintiff did not join in that motion at that particular time. (N.T. p. 47)

Furthermore, all questions asked in the third-party action were proper and relevant, and the third-party plaintiff proceeded no further than proving his case against the third-party defendant. Testimony elicited may not have been favorable to the plaintiff, but the testimony certainly was not prejudicial. In addition, the jury was instructed that this testimony pertained only to the third-party action and not to the action between the plaintiff and defendant. In addition, plaintiff's attorney was permitted to argue to the jury in his closing speech as to defendant's tactics in the third-party action and its alleged unfavorable reflection on the plaintiff's cause of action.

 The Court also finds no merit in plaintiff's contention that the Court's charge as to contributory negligence and assumption of risk was improper. Where there is sufficient evidence in the record to indicate plaintiff's guilt as to contributory negligence, it is sufficient to justify submission of this issue to the jury. Eichmann v. Dennis, 347 F.2d 978 (3d Cir. July 12, 1965). Plaintiff testified that he placed his hand onto the roller to remove a speck of dirt from the press. Thus plaintiff assumed all of the risks of his course of conduct, thereby catching his hand in the press which was operating at the speed of approximately 5,000 revolutions per hour. Guerierro v. Reading Company, 346 Pa. 187, 29 A.2d 510 (1943). Plaintiff contends that Guerierro was reversed by the United States Supreme Court in Blair v. Baltimore & Ohio Railroad Co., 323 U.S. 600, 65 S.Ct. 545, 89 L.Ed. 490 (1944). However, the Blair case was decided under

the Federal Employers' Liability Act and not according to any Pennsylvania common-law action and thus this Court is of the opinion that the basic law of Pennsylvania remains unchanged under Blair except as to those cases encompassing the F.E.L.A.

■ Plaintiff further contends that the verdict of $50,000 awarded by the jury did not satisfy his out-and-out financial impairment and was the result of a compromise verdict. While it is true that plaintiff would be entitled to a new trial on the issue of damages if the record disclosed no good reason for the compromise verdict, Hose v. Hake, 412 Pa. 10, 192 A.2d 339 (1963), lack of sufficient evidence cannot be presumed from the mere dollar amount of the verdict. Furthermore compromise verdicts are expected and allowed where the evidence of defendant's negligence and plaintiff's contributory negligence or assumption of the risk is conflicting. In such cases the Court will respect the time honored right of a jury to render such verdicts. Karcesky v. Laria, 382 Pa. 227, 114 A.2d 150 (1955). Therefore, there is nothing to indicate either that the jury failed to understand the nature and seriousness of the plaintiff's injury or that it failed to award him a sum sufficient to compensate him for such injury.

Plaintiff was afforded the unusual opportunity of placing before the jury a screen upon which was projected all of his arithmetical computations as to his past, present and future financial loss due to his physical impairment. The jury had the benefit of viewing all of these figures while plaintiff's counsel was explaining the meaning and relationship of each figure to plaintiff's earning capacity. Under these circumstances, needless to say, plaintiff was given every opportunity to impress upon the jury his entire financial loss, and the verdict rendered by the jury was in accordance with what they considered proper and adequate.

This Court deems plaintiff's remaining contentions without merit. If any errors were committed, the errors were not of the nature as to make them prejudicial.

■ A careful review of the record shows that the plaintiff received a fair trial and the verdict of $50,000 awarded by the jury was substantial and adequate. Therefore, plaintiff's motion for new trial as to the issue of damages is denied.

## MOTIONS OF DEFENDANT AND THIRD-PARTY DEFENDANT FOR JUDGMENT N.O.V. OR FOR A NEW TRIAL

Defendants contend that plaintiff's injury was caused by his voluntary assumption of risk and/or his contributory negligence, and therefore the Court should grant defendants' motions. Furthermore, defendants contend that plaintiff failed to prove a claim upon which relief could be granted since the verdict was against the weight of the evidence and plaintiff failed to show any negligence on the part of the defendants.

■ As to defendants' aforestated contention, the Court finds that the entire matter was one that rested within the province of the jury. Before a court can be justified in declaring a person contributorily negligent as a matter of law evidence of such negligence must be so clear and unmistakable that there can be no reasonable basis remaining for any contrary inference to be suggested. Mogren v. Gadonas, 358 Pa. 507, 58 A.2d 150 (1948).

■ On a motion for judgment notwithstanding the verdict or for a new trial, the evidence and inferences fairly to be drawn therefrom must be considered in a light most favorable to the party having the verdict and against whom the motion is directed; and if the evidence and inference considered in such manner would permit reasonable men in the exercise of their judgment to reach different conclusions respecting the critical issues, the motions should be denied. Downey v. Union Paving Co., 184 F.2d 481 (3d Cir. 1947).

The Court has found no prejudice, after carefully reviewing the entire case, and accordingly, will not alter the verdict of the jury.

### ORDER

And now, this eighteenth day of August, 1965, it is ordered that the motion of Stephen A. Walsh, plaintiff, for a new trial limited to the issue of damages only be and the same is denied.

It is further ordered that the motion of Miehle-Goss-Dexter, Inc. and Edward Stern and Company, Inc., defendants, for judgment n. o. v. or for a new trial be and the same is denied.