## Cherneskie et ux. v.
## Bethlehem Steel Corp.

*Galfand, Berger, Senesky, Lurie & March*, for plaintiffs.
*William J. O'Brien*, for defendant.

TAKIFF, *J.*, November 20, 1974—Defendant has raised preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass. Defendant's position is that the personal injuries for which damages are here sought were sustained in the course of plaintiff's employment are therefore conclusively presumed to fall within the coverage of The Workmen's Compensation Act of June 21, 1915, P.L. 736, as amended 77 PS §§1, et seq., and that hence the present civil action is barred by the operation of that act. Upon review of the complaint and briefs submitted, we conclude that the facts pleaded do not fall within the confines of this rule of exclusivity as a matter of law and therefore overrule the preliminary objections.

On May 25, 1970, plaintiff Robert Cherneskie was involved in an industrial accident while working for defendant. From that time until January 1972, plaintiff was under the care of Dr. Daniel Gross, a physician to whom he had been directed by defendant. In the course of treatment, Dr. Gross performed a spinal fusion. In January of 1972, defendent ordered Mr. Cherneskie be examined by a different doctor. On February 7, 1972, following

that examination, plaintiff was "instructed" by defendant to return to work or suffer discharge. Plaintiff did then return to work. Immediately upon learning of this event, plaintiff's attorney wrote to defendant complaining that the return order should not have been made unless based on an examination of plaintiff by the treating physician or an independent physician. Nevertheless, defendant persisted in its return to work order and Mr. Cherneskie was actively employed from February 7, 1972, to March 29, 1972. Allegedly as a result of being thus forced back to work, plaintiff claims to have sustained severe injury during this time, including disruption of the earlier spinal fusion and other adverse sequela. Hence this suit in trespass.

To be compensable under workmen's compensation, a personal injury sustained by an employe must have occurred as a result of an accident in the course of his employment: 77 PS §431.[1] There is no issue raised challenging that the original injury met the "accident" and "course of employment" requirements. Nor is there any doubt that the complaint pleads that the re-injury occurred in the course of employment, since the immediate cause of it was the work plaintiff was required to do on the premises of the employer. However, it is not alleged that such injury was proximately caused by any accident, but, instead, it is averred that it was caused by the employer, or the employer's doctor-agent, in negligently directing Mr. Cherneskie prematurely to return to work. Compare Tropiano v. Travelers Ins. Co., 455 Pa. 360 (1974) at 363.

---

1. Section 431 was amended, effective May 1, 1972, to read "an injury" instead of "accident." The operative facts of the instant case pre-date this amendment. See also amended 77 PS §411.

The crucial issue presented by the present motion is whether plaintiff's injury, as here pleaded, arose under such circumstances that the coverage and exclusive provisions of the Workmen's Compensation Act preclude plaintiff from establishing a valid cause of action in tort for which a common law remedy is available.

Frankel v. Abbotts Dairies, Inc., 185 F. Supp. 636 (E. D. Pa., 1960), is persuasively similar. There, in a wrongful death action, the complaint alleged the employer knew, based upon a physical examination performed by its doctor, that decedent suffered from ulcers and a heart condition. The employer also knew, or should have known, that the deceased was so disabled that performance of his regular duties would be detrimental to his health. Yet, in the face of such actual or constructive knowledge, defendant allegedly ordered plaintiff back to work and the resumption of work caused his death. The court held these averments sufficiently stated a common law cause of action which was not barred by the remedy provisions of the Workmen's Compensation Act: Accord: Wolf v. Hatboro Construction Co., 235 F. Supp. 725 (E. D. Pa., 1964).

The court's reasoning in Frankel, supra, rested on an established line of cases which interpret the term "accident." An accident is "some untoward occurrence aside from the usual course of events": Mohler v. Cook, 205 Pa. Superior Ct. 232 (1965). Injuries, if they result from an aggravation of a pre-existing condition while performing ordinary tasks, are not considered due to an "accident" and hence are not within the purview of the act: Stufflet v. Fraternal Order of Eagles, 164 Pa. Superior Ct. 473 (1949), at 476; Ricketts v. Bell Telephone Co., 178 Pa. Superior Ct. 588 (1955) at 592-93; Lorigan

v. W. O. Gulbranson, Inc., 184 Pa. Superior Ct. 251 (1957), at 255; and Gammaitoni v. Gasparini Excavating Co., 185 Pa. Superior Ct. 643 (1958), at 645-47. So reasoning on the basis of Pennsylvania compensation cases, the District Court held plaintiff had "pleaded himself without the terms of the Act."

In the instant case, plaintiff asserts that he was prematurely ordered back to work by his employer. That order was made despite the fact that the employer "knew or should have known" of the spinal disability; the claim is essentially founded on that operative event.

The principal difference discernible between the allegations of the Frankel complaint and the instant case is that here plaintiff's pre-existing disability (the spinal fusion) was admittedly the result of an accident which occurred during the course of his employment and was not a congenital or nontraumatic physical condition that he brought to his job. Defendant maintains in the preliminary objections that, under the holding of Vogel v. Jones and Laughlin Steel Corp., 221 Pa. Superior Ct. 157 (1972), because of the genesis of plaintiff's condition we must conclude as a matter of law that the subsequent injury was a direct result of the original accident and hence covered exclusively by the Workmen's Compensation Act.

In Vogel, the Superior Court of Pennsylvania held that negligent medical aid given by an employer's doctor to an employe who had been harmed by an accident in the course of his employment, which treatment aggravated the original injury, did not break the causation from the accident to the aggravated harm, i.e., was a natural consequence of the original injury and therefore could be viewed as

proximately caused by it. The court held that workmen's compensation entitlement applied to the entire injury suffered, including its related sequela.

In our case, if plaintiff were to have asserted that defendant's examining physician was negligent in his examination and report and the employer directed the return to work in reliance upon such report, under Vogel it would appear that the later re-injury might similarly be attributable to the original accident and this common law action therefore barred.

The pleadings in this case are otherwise. What is asserted is that defendant, in the face of actual knowledge of plaintiff's spinal debility, or, in the alternative, without consulting either the treating physician or an independent doctor, ordered plaintiff back to work. Given this posture, a fact issue is presented: the return to work order in the face of the complaint by plaintiff through his attorney may well constitute a superseding event, separate and distinct from the original injury and sufficient for a jury finding of an injury not the proximate result of the on-the-job accident: Blackwell v. Dahlstrom Metallic Door Company et al., 111 Pa. Superior Ct. 93 (1933).

We reach this conclusion mindful of the admonition that, while there is an analogy between principles involved in proximate cause as applied to personal injury cases and causal connection in compensation cases (Marshall v. Pittsburgh, 119 Pa. Superior Ct. 189 (1935) at 193), decisions in negligence cases are not necessarily controlling: McAvoy v. Roberts & Mander Stove Co., 173 Pa. Superior Ct. 516 (1953) at 521. The rule distinguishing the two is that, while proximate cause in

negligence cases is bottomed on a prior determination of foreseeability as a pre-condition to a finding of violation of duty, in compensation cases, proof of a causal relationship between the initial accident, the treatment and the resulting injury is sufficient to establish liability under the act wherein the dimensions of liability are pre-determined by the act itself: Hornetz v. Philadelphia & Reading Coal & Iron Co., 277 Pa. 40 (1923); Heyler v. J. Sullivan and Sons Mfg. Corp., 172 Pa. Superior Ct. 615 (1953). The classic illustration of this class of causation is narrated in Hornetz, supra (at p. 41):

"The violence caused the injury, the injury caused the operation, the operation caused the anaesthetization, the anaesthetization caused dilatation of the heart and dilatation of the heart caused death. Hence there was a causal connection between the [original] violence and [the subsequent] death."

In its present posture, the complaint does not plead that the original accident and/or treatment related thereto caused defendant's injury. The averments which are relevant to our present consideration are set forth in the complaint as follows:

"9. The negligence and gross negligence of the defendant consisted of the following acts and omissions:

"(a) failure to provide the plaintiff with a safe place within which to work;

"(b) directing the plaintiff to work when it knew or should have known that such work performed by the plaintiff would have resulted in the injuries and damages set forth below;

"(c) failure to operate its industrial operation with health, safety and welfare of the plaintiff in mind;

"(d) willfully refusing to have plaintiff's treating physician see him before ordering him to return to work;

"(e) refusing to cease ordering plaintiff to return to work when they knew or should have known that the work to which they had assigned the plaintiff would cause him to sustain serious bodily harm;

"(f) operating the said plant in violation of the Statutes of the Commonwealth of Pennsylvania and regulations of the Department of Labor and Industry pertaining to safety of employees thereon;

"(g) operating their said plant in violation of the common law of Pennsylvania pertaining to the obligation of the employer to provide for the health, safety and welfare of its employees;

"(h) ordering plaintiff to return to work without reasonably informing itself of the effect of such employment or plaintiff's physical well being;

"(i) ordering plaintiff to return to work without ascertaining [sic]."

Implicit in the complaint is the claim that certain of the acts which were allegedly negligent did not occur during the course of employment in the active sense but in that interlude between employment and resumption of employment. These are issues which must be passed upon by a jury. What has not been raised explicitly in the instant preliminary objections, but is inherent in this matter, is whether a common law right of action does lie under the facts pleaded. A like question was addressed by the District Court in Frankel, supra.

With the acknowledgment that while no Pennsylvania cases on point had been found, by analogy and by reference to the Restatement 2d, Torts, §323, the court there found a common law cause of action, stating:

"Recognizing the peculiar relationship between an employer and his employee and the fundamental duty of an employer to exercise reasonable precautions against injury to his employees while they are in his service and obeying his orders, a jury might reasonably find an employer negligent in ordering an employee whom it *knew* was physically unfit to perform his normal duties, to perform such duties, thereby causing his death." (At 637, emphasis in original.)

Such a statement, standing alone, is reconcilable with a declaration of the applicability of the Workmen's Compensation Act—or of a claimant's non-entitlement under it if the other elements necessary for eligibility for compensation benefits are not met. The reference to the Restatement 2d, Torts, §323, alone is not truly relevant under the specific facts to take this claim outside the Workmen's Compensation Act. Denying that a common law right exists, defendant has urged that section 481 of the Workmen's Compensation Act makes that procedure the exclusive remedy for "any injury or death occurring in the course of employment" from which defendant concludes that plaintiff is precluded from going beyond that act to recover for his injury. This assertion, however, likewise begs the question, for it is premised upon the fact conclusion that the injury occurred "in the course of employment," but it does not answer the inquiry as to whether the *"injuria"* occurred outside the course of employment as defined in the act and whether a common law right of action exists if the wrong complained of escapes the proscription of the act.

The complaint recites a variety of factual averments and legal conclusions as the basis for a

common law claim in tort, including allegations of various statutory and regulatory violations. The preliminary objections, inter alia, complain of lack of specificity in these averments—essentially a motion for a more specific complaint as to paragraph 9(f). The court has grave doubts as to the existence of a common law duty and/or the breach thereof under certain of the facts pleaded, separate and apart from that body of law which has been preempted by the Workmen's Compensation Act which has given injured employes' legal rights unencumbered by the historically sanctioned obstacles of assumption of risk and contributory negligence. Nevertheless, the matter is not so free from doubt that we can say with certainty that no common law recovery is possible so as to sustain the demurrer. The proofs adduced at trial in support of the multiple averments pleaded and the inferences drawn therefrom may establish a duty owed and the breach thereof which are sufficient to sustain a common law award. Needless to add, such claim on a common law basis would be subject to defense on the traditional common law grounds not available in a claim under the act. Should plaintiff fall short in his proof, defendant's relief may be at hand upon the completion of plaintiff's case. However, plaintiff will not be foreclosed by summary disposition at this stage.

## ORDER

And now, November 20, 1974, it is ordered and decreed:

The portion of defendant's preliminary objections in the nature of a motion for more specific complaint is sustained. Plaintiff is ordered to file an amended complaint with specific averments with

respect to paragraph 9(f) of the complaint within 20 days from the date hereof or that portion of the complaint shall be deemed stricken.

The preliminary objections in the nature of a demurrer are dismissed with leave to defendant to file an answer within 20 days of the filing of an amended complaint with more specific averments with respect to paragraph 9(f) or to the present complaint, except for paragraph 9(f) if no amended complaint is filed, within 20 days following the expiration of time herein granted for the filing of an amended complaint.

